### UNITED STATES DISTRICT COURT
for the
Eastern District of Kentucky
London Division

| | | |
|---|---|---|
| Dede Stratton | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| Portfolio Recovery Associates, LLC | ) | |
| *Defendant* | ) | |
| | ) | |
| Serve: | ) | |
| National Registered Agents, Inc. | ) | |
| 160 Greentree Dr. | ) | |
| Suite 101 | ) | |
| Dover, DE 19904 | ) | |
| | ) | |

## CLASS ACTION COMPLAINT and
## DEMAND FOR JURY TRIAL

### INTRODUCTION

1.     This is an action by a consumer seeking damages and declaratory relief for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices. Defendant, Portfolio Recovery Associates, LLC ("PRA"), is in the business of purchasing charged-off debts, including credit card debt. PRA typically purchases these debts for somewhere between 4% and 5% of the face value of the debt. PRA purchased a credit-card debt owed by Plaintiff, Dede Stratton. GE Money Bank, F.S.B. was the original creditor and issuer of the credit card. PRA purchased Ms. Stratton's credit card debt on January 4, 2010. At the time of purchase, the face value of the debt $2,630.95. So PRA paid less than $132.00 for the debt.

PRA filed suit against Ms. Stratton on June 20, 2012 in the Scott District Court. In its Complaint, PRA alleged that Ms. Stratton owed PRA the full face value of the amount of the debt plus 8% interest from December 19, 2008. That is, PRA's lawsuit attempted to collect prejudgment interest from Ms. Stratton on the full face amount the debt for a period of over a year before PRA had any interest in the debt and during which the original creditor accrued no interest on the debt, thereby waiving its right to collect interest on the debt. Consequently, PRA violated the FDCPA by attempting to collect from Ms. Stratton interest that was neither authorized by agreement not permitted by law.

## PARTIES

2.     This action is brought by Plaintiff on behalf of herself, and all others similarly situated, whose joinder in this action is impracticable due to the number of plaintiffs and the size of their claim.

3.     Plaintiff, Dede Stratton, is a citizen of the United States of America and of the Commonwealth of Kentucky residing in Whitley County, Kentucky.

4.     Defendant, Portfolio Recovery Associates, LLC, is a foreign limited liability company engaged in the business of purchasing debt from creditors and collecting these debts in this state, with its principal place of business located in Norfolk, VA. The principal purpose of Defendant is the purchase and/or collection of debts using the mails, telephone, and the other. PRA frequently purchases charged off credit card debt, paying 4% to 5% of the face value of the debt at the date of sale.[1]

5.     Portfolio Recovery Associates, LLC ("PRA") is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## BACKGROUND

6.     Ms. Stratton is and was at all times mentioned herein a "consumer" as defined by 15 U.S.C. § 1692a(3) and within the meaning of the Kentucky Consumer Protection Act.

7.     PRA filed suit against Ms. Stratton in Scott District Court on June 20, 2012. (A copy of the Complaint is attached as Exhibit "A").

8.     PRA's Complaint against Ms. Stratton was based on alleged debt on a credit card issued by GE Money Bank, FSB branded as a Lowe's credit card ("Lowes"), which Ms. Stratton used for personal or household purposes, making PRA's Complaint an attempt to collect a "debt" within the meaning of the FDCPA. 15 U.S.C. § 192a(5).

9.     PRA's Complaint demands a principal amount of $2,630.95 and prejudgment interest at the rate of 8% per annum from December 19, 2008 until the date of judgment.

10.     After answering the Complaint, Ms. Stratton served discovery requests on PRA.

11.     In response to these discovery requests, PRA produced an Affidavit dated April 5, 2012 and signed by one Dwayne E. Davis.  (A copy of the Affidavit is attached as Exhibit "B").

---

[1]Fair Trade Commission, *The Structure and Practices of the Debt Buying Industry* at 22,  http://www.ftc.gov/os /2013/01/debtbuyingreport.pdf (January 2013).

12.     Paragraph 3 of the Davis Affidavit avers in relevant part:

> According to the business records, which are maintained in the ordinary course of business, the account, and all proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account having been sold, assigned and transferred by the Account Seller on **1/15/2010**.

13.     Paragraph 4 of the Davis Affidavit avers in relevant part:

> According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business by the Account Assignee, there was due and payable from **DEDE STRATTON** ("Debtor and Co-Debtor") to the Account Seller the sum of **$2,630.95** with respect to account number **ending in 0265** as of the date of **12/19/2008**. . . .

14.     Paragraph 5 of the Davis Affidavit avers:

> According to the account records of said Account Assignee, after all known payments, counterclaims, and/or setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of **$2,630.95** as due and owing as of the date of this affidavit.

15.     PRA also produced a document or "Data Sheet" that PRA identified as:

> Data printed by Portfolio Recovery Associates, LLC from electronic records provided by GMONEY BANK, F.S.B. pursuant to the sale of accounts from GE MONEY BANK, F.S.B. to Portfolio Associates, LLC on 1/15/2010.

(A copy of the Data Sheet is attached as Exhibit "C").

16.     The Data Sheet notes that GE Money Bank charged off Ms. Stratton's Lowes credit card on December 19, 2008.

17.     The Data Sheet also notes that $2,630.95 was the amount of loss on the date of charge off.

18.     The Data Sheet also notes that the current balance on the account was still $2,630.95 on the date of sale, which was January 15, 2010.

19.     So GE Money Bank did not charge or impose any interest on Ms. Stratton's Lowes credit card account during the thirteen-month period between charging off the account on December 19, 2008 and the sale or assignment of the account to PRA on January 15. 2010.

20.     Despite the fact that GE Money Bank waived its right to charge any interest on Ms. Stratton's Lowes credit card account after December 19, 2008 through the sale of Ms. Stratton's credit card debt on January 15, 2010, PRA's complaint demanded and attempted to collect prejudgment interest that was waived by its assignor, GE Money Bank.

21.     As GE Money Bank's assignee, PRA's cause of action against Ms. Stratton derives from GE Money Bank's cause of action against Ms. Stratton.

22.     As GE Money Bank's assignee, PRA is subject to all defenses Ms. Stratton may have or had against Lowes.

23.     Consequently, GE Money Bank' waiver of its right to charge interest on Ms. Stratton's Lowes credit card account is binding on PRA as the assignee of the account.

24.     Because GE Money Bank could not retroactively recover interest from Ms. Stratton for a time period that it waived its right to collect interest, PRA likewise has no right to retroactively charge and collect interest from Ms. Stratton that was waived by GE Money Bank.

## CLASS ALLEGATIONS

25.     Plaintiff, Dede Stratton, brings this action individually and as a class action on behalf of all persons in the Commonwealth of Kentucky similarly situated.

26.     Under the claim for violation of the Fair Debt Collection Practices Act, these persons comprise all persons whom Defendant, Portfolio Recovery Associates, LLC, or its agents, employees, or representatives (including but not limited to its attorneys of the law firm of record in this case: Morgan & Pottinger, P.S.C.):

> (a) brought suit after, or within the last 12 months prior to, the date of filing the Complaint in this case and in which PRA retroactively added interest to an alleged debt for a period of time in which the original creditor and assignor of the debt did not add any interest on the alleged debt ; and

> (b) sent a dunning letter after, or within the last 12 months prior to, the date of filing the Complaint in this case, in which PRA retroactively added interest to an alleged debt for a period of time in which the original creditor and assignor of the debt did not add any interest on the alleged debt.

27.     This action seeks statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2), to be awarded for violation of the Act.

28.     The class so represented by Plaintiff, Dede Stratton, in this action, and of which she herself is a member, consists of those persons defined above and is so numerous that joinder of individual members is impracticable.

29.     Plaintiff's claims are typical of the claims of the class.

30.     There are common questions of law and fact in this action that relate to and affect the rights of each member of the class, and the relief sought is common to the entire class. In particular, all class members have the same issue of law in common: whether PRA's retroactive impositions of interest waived by the original creditor and PRA's assignee violates the Fair Debt Collection Practices Act.

31.     There is no known conflict between Plaintiff and any other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

32.     Plaintiff is the representative party for the class and is able to, and will, fairly and adequately protect the interest of the class.

33.     Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

34.     Plaintiff's attorneys have successfully represented other claimants in similar litigation.

35.     The action is properly maintained as a class action in that the prosecution of separate actions by individual class members creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

36.     This action is properly maintained as a class action because the prosecution of separate actions by individual members of the class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

37.     This action is properly maintained as a class action inasmuch as the questions of law and fact common to the class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the class will be effective and appropriate for the entire class; and all members of the class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

38      The identity of each individual member of the class can be ascertained from the books and records maintained by Defendant.

39.     Because many of the persons sued and/or sent a dunning letter by Portfolio Recovery Associates, LLC may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

40.     Plaintiff incorporates paragraphs 1-39 above as if fully set forth herein.

41.     The above-described actions by PRA constitute violations of the Fair Debt Collection Practices Act.

42.     Defendant's, Portfolio Recovery Associates, LLC, violations of the FDCPA include, but are not limited to, the following:

(a)     PRA violated 15 U.S.C. § 1692f(1) by, including but not limited to, attempting to collect interest on a debt that is neither authorized by agreement nor permitted by law by demanding recovery of interest that was waived by the original creditor;

(b)     PRA violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and/or legal status of the debt upon which PRA brought suit against Ms. Stratton by, including but not limited to, demanding recovery of interest that was waived by the original creditor; and

(c)     PRA violated 15 U.S.C. § 1692e(5) by taking an "action that cannot legally be taken" by, including but not limited to, demanding recovery of interest that was waived by the original creditor;

WHEREFORE, Plaintiff requests that the Court grant the following relief in her favor and in favor of the class and against Defendant Portfolio Recovery Associates, LLC:

1.     The maximum amount of statutory damages provided under 15 U.S.C. §1692k;

2.     Attorney's fees, litigation expenses and costs; and

3.     Such other and further relief as is appropriate.

Respectfully submitted,

/s/ Kenneth J. Henry
**Kenneth J. Henry**
Henry & Associates, PLLC
331 Townepark Circle, Suite 200
Louisville, KY 40243
(502) 245-9100
Email: ken@kennethhenrylaw.com

James H. Lawson
*Lawson at Law, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyclc.com