UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

DEDE STRATTON,                           )
                                         )
        Plaintiff,                       )        Civil Action No. 5: 13-147-DCR
                                         )
V.                                       )
                                         )
PORTFOLIO RECOVERY                       )        **MEMORANDUM OPINION**
ASSOCIATES, LLC,                         )           **AND ORDER**
                                         )
        Defendant.                       )

*** *** *** ***

This matter is pending for consideration of Defendant Portfolio Recovery Associates,

LLC's ("PRA") motion to dismiss. [Record No. 12]  PRA seeks to dismiss Plaintiff Dede

Stratton's Amended Complaint, arguing that it fails to state a claim upon which relief may

be granted.  For the reasons set forth below, PRA's motion will be granted.

**I.**

On June 20, 2012, Defendant PRA filed a complaint in the Scott District Court in an

attempt to collect a debt owed by Stratton.  The debt arose when, at some point in 2008,

Stratton stopped making payments on a credit card from GE, F.S.B./Lowes ("GE").  On

December 19, 2008, GE "charged off"[1] the $2,630.95 debt.  [Record No. 10, p. 3 ¶17]

---

1       "Creditors charge-off debt in accordance with federal regulations that permit the creditor to remove
the debt from their financial records."  *McDonald v. Asset Acceptance, LLC*, No. 2:11-cv-13080, 2013 WL
4028947, at *1 (E.D. Mich. Aug. 7, 2013)

-1-

On January 15, 2010, GE sold the account to Defendant PRA, a company that purchases charged-off debts, for around $132.00. [*Id.*, p. 4 ¶27]  At the time GE sold Stratton's debt, the total amount due was $2,630.95, indicating that GE did not charge Stratton any contractual interest on the account from December 19, 2008, until PRA bought the debt in January 2010.[2]  [*Id.*, p. 3 ¶19; Record No. 12, p. 4]  For purposes of this motion, PRA does not dispute that GE waived its right to assess contractual interest at the rate of 21.99% after the account was charged-off.  [Record No. 16, p. 3]

The complaint filed in state court sought to recover the full amount of the debt ($2,630.95), plus statutory prejudgment interest under KRS § 360.010.  [Record No. 13, p. 2]  The complaint alleges, in its entirety:

1.      That the account of DEDE STRATTON, bearing the account number ending in 0265 is in default.

2.      Said account is due and payable to Portfolio Recovery Associates, LLC, having acquired the account through sale, assignment or other legal means.

3.      The original creditor is GE MONEY BANK, F.S.B.

4.      Said obligation is past due, and the Defendant[] owes Plaintiff $2,630.95, with interest thereon at the rate of 8% per annum from December 19, 2008 until the date of judgment with 12% per annum thereafter until paid, plus court costs.

---

2      The plaintiff believes that GE chose to cease charging interest for valid business reasons and to decrease the amount of bad debt on its books.  [Record No. 13, p. 8]

[Record No. 10-1 (emphasis added)]  Stratton does not contest the validity of the state court collection action.  However, she disputes that she owes 8% statutory interest from the date of charge-off.

On May 26, 2013, Stratton filed the current putative class action against PRA. [Record No. 1]  Two months later, an amended complaint was filed. [Record No. 10] Stratton alleges that PRA violated the Fair Debt Collection Practices Act ("FDCPA") by seeking statutory prejudgment interest through the state court action.  She maintains that PRA's request for 8% statutory prejudgment interest violates the FDCPA by: (1) falsely representing the character, amount, and/or legal status of Stratton's credit card debt, in violation of 15 U.S.C. § 1692e(2)(A); (2) taking an action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5); and (3) attempting to collect interest on a debt that is neither authorized by agreement nor permitted by law in violation of 15 U.S.C. § 1692f(1). [Record No. 10, pp. 6-7]

PRA argues that Stratton's claims should be dismissed because it had the right under KRS § 360.010 to request 8% statutory prejudgment interest in the collection proceeding. It further argues that, even if it was not entitled to recover statutory interest, the act of requesting such interest does not constitute a violation of the FDCPA.

## II.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

In considering a 12(b)(6) motion, the Court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990) (citation omitted). However, the Court need not accept as true legal conclusions cast in the form of factual allegations if those conclusions cannot be plausibly drawn from the facts, as alleged. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but that the court is "not bound to accept as true a legal conclusion couched as a factual allegation."). Thus, Rule 12(b)(6) essentially "allows the Court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery." *Glassman,*

-4-

*Edwards, Wade & Wyatt, P.C. v. Wolf Haldenstein Adler Freeman & Herz, LLP*, 601 F. Supp. 2d 991, 997 (W.D. Tenn. Mar. 10, 2009).

## III.

### A.    Statutory Prejudgment Interest

PRA argues that its state court action could not have violated the FDCPA because it properly requested statutory interest under Kentucky law.  [Record No. 12, p. 7]  Absent an agreement to the contrary, "[t]he legal rate of interest is eight percent (8%) per annum," which runs as a matter of right on a liquidated demand.  KRS § 360.010; *see also In re Classicstar Mare Lease Litig*., 823 F. Supp. 2d 599, 645 (E.D. Ky. 2011).  Under Kentucky law, this interest accrues from the date of breach.  *Lang v. Bach*, 134 S.W. 188, 191 (Ky. 1911) (internal quotation marks omitted) ("[T]he law is well settled that a liquidated claim, whether oral or written, carries with it, as a matter of law, interest from the time it was due, in the absence of any agreement to the contrary.").

Kentucky law is similarly clear that this interest applies "[a]bsent a contractually agreed upon rate."  *Reliable Mech., Inc. v. Naylor Indus. Servs., Inc*., 125 S.W.3d 856, 857 (Ky. Ct. App. 2003).  The plain language of the statute provides that "any party or parties may agree, in writing, for the payment of interest in excess of that rate." KRS § 360.010(1). In addition, where the parties have agreed, the parties "shall be bound for such rate of interest as is expressed in any such contract." *Id.*

Thus, a creditor may not collect both contractual interest and statutory interest for the same time period.  PRA concedes this point.  [Record No. 16, p. 5] However, Stratton points

to no authority that even suggests that the decision to forego contractual interest means that statutory interest may not be collected. And Stratton has not alleged that GE intentionally waived its right to collect statutory prejudgment interest. *See Dunn v. Gordon Food Servs., Inc.*, 780 F. Supp. 2d 570, 576 (W.D. Ky. 2011) (Waiver is "a voluntary and intentional surrender or relinquishment of a known right, or an election to forego an advantage which the party at his option might have demanded or insisted upon.").

Kentucky law does not address whether GE's decision to forego the 21.99% contractual interest necessarily means that it may not charge Stratton the *lower* statutory interest rate of 8% for the period in question. Although Stratton argues that contractual interest and statutory interest are "mutually exclusive," this does not establish that statutory interest was unavailable to GE because GE was no longer charging interest under the contract, leading to the logical conclusion that the lower rate of statutory interest would be collectible. [Record No. 13, p. 2] GE could not assign to PRA a greater right than what it possessed, and PRA simply stands in the shoes of GE. *See Whayne Supply Co. v. Morgan Constr. Co.*, 440 S.W.2d 779, 782-83 (Ky. 1969). If GE waived its right to statutory interest, then KRS § 360.010 would not apply.

Stratton spends ample time discussing the valid business reasons that GE may have considered when it waived its right to collect *contractual* interest from the date of the charge-off. She also spends several pages quoting directly from another district court's decision regarding the waiver of prejudgment contractual interest. [Record No. 13, pp. 10-12 (quoting *McDonald v. Asset Acceptance, LLC*, No. 2:11-cv-13080, 2013 WL 4028947, at *9-12 (E.D.

Mich. Aug. 7, 2013))]  However, for the purpose of this motion, PRA has admitted that GE waived its right to collect contractual interest after the date of the charge-off.  [Record No. 12, p. 7]  Thus, while Stratton's discussion of this issue may be useful in understanding GE's motivation, is largely superfluous.  Further, *McDonald* does not address whether GE's waiver of its right to collect 21.99% interest under the contract automatically operates as a waiver of its right to collect 8% statutory interest from the date of the charge-off.

Stratton also argues that, even if PRA is entitled to statutory prejudgment interest, its request to collect interest from the December 19, 2008, charge-off date was improper because PRA did not acquire the account until January 15, 2010.  However, both parties agree that PRA's rights are entirely derivative of GE's because PRA stepped into the shoes of GE when it acquired Stratton's account.[3]  [Record No. 16, p. 7]  If GE was entitled to interest after December 19, 2008, then so too was PRA.  PRA is correct that courts have routinely awarded prejudgment interest to an assignee for the time period prior to its assignment of the contract.  *See Instituform Techs., Inc. v. Cat Contr., Inc.*, 518 F. Supp. 2d 876, 882 n.3 (S.D. Tex. 2007); *Chaparral Resources Inc., v. Monsanto Co.*, 849 F.2d 1286, 1288 (10th Cir. 1988).  Although Stratton argues at length about the purpose of KRS § 360.010, she never reconciles that purpose with clear precedent holding that an assignee steps into the shoes of an assignor under Kentucky law.  *See Whayne Supply Co.,* 440 S.W.2d at 782-83.

---

3       For this same reason, the amount that PRA paid for Stratton's debt is entirely irrelevant.

Accordingly, the Court concludes that PRA's request for statutory prejudgment interest under KRS § 360.010 from the date that Stratton's account was charged-off was not improper.  Because KRS § 360.010 operates in the absence of a contractually agreed upon rate of interest, and because a waiver must be clear and unequivocal, the fact that GE waived its right to collect *contractual* interest on the debt did not necessarily waive its right to collect *statutory* interest.  Where GE had such a right, PRA steps into its shoes and acquires that right.  However, for the reasons set forth below, even if PRA could not have collected statutory prejudgment interest from the date of the charge-off, its request to the state court does not violate the FDCPA.

### B.    The FDCPA

Stratton asserts in her Amended Complaint that the state court complaint requesting 8% statutory interest under KRS § 360.010 violated three sections of the FDCPA. Specifically, Stratton argues that PRA violated 15 U.S.C. §§ 1692e(2)(A), 1692e(5), and 1692f.  [Record No. 10]  The FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt" and the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligations) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. §§ 1592e, f(1).  Where a plaintiff brings claims under the FDCPA, the claims are tested under the "least sophisticated consumer" standard; that is, "whether the least sophisticated consumer would be misled by the defendant's actions."  *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326-27 (6th Cir. 2012)

-8-

(internal quotation marks omitted).  The stated purpose of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices.  15 U.S.C. § 1692 *et seq*. The abusive debt collection practices which the FDCPA seeks to remedy includes "obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 591 (6th Cir. 2009).

### 1.    15 U.S.C. § 1692e(2)(A)

PRA argues that the request for 8% statutory interest contained in the state court complaint was "aspirational," and thus, could not constitute a violation of the FDCPA.  *See, e.g. Leone v. Credit Card Receivables Fund, Inc.*, No. 09-CV-21612, 2009 U.S. Dist. LEXIS 131479 (S.D. Fla. Nov. 4, 2009) (internal citation and quotation marks omitted) ("[T]he prayer for relief was aspirational because it described what [the plaintiff] would seek if it prevailed.").

Under the FDCPA,

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (2)    The false representation of —
> (A)    the character, amount, or legal status of any debt . . .

15 U.S.C. § 1692e(2)(A).  Stratton contends that PRA violated this section by requesting 8%

statutory interest in its state court action because the allegation in the complaint amounted

to a false representation of the character, amount, or legal status of her debt.  *See id.*  For

purposes of this analysis, the Court will assume that PRA could not recover statutory

prejudgment interest in this matter.  However, even assuming the request violated Kentucky

law, it is well-settled that not every violation of state law gives rise to a cause of action under

the FDCPA.  *See, e.g., Carlson v. First Revenue Assurance,* 359 F.3d 1015, 1018 (8th Cir.

2004) ("The FDCPA was designed to provide basic, overarching rules for debt collection

activities; it was not meant to convert every violation of state debt collection law into a

federal violation."); *see also Wade v. Regional Credit Ass'n,* 87 F.3d 1098, 1100 (9th Cir.

1998).

     PRA argues that this claim should be dismissed because its request for prejudgment

interest was not a false representation but a request to the state court for prejudgment interest,

which could have been denied if improper.  The FDCPA is intended to "supervise a range

of unsupervised contacts, such as demand letters and late-night telephone calls." *Argentieri*

*v. Fisher Landscapes, Inc*., 15 F. Supp. 2d 55, 62 (D. Mass. 1998). And there are sound and

rational reasons for distinguishing between claims made in court from the type of abusive

tactics most often invoked under the FDCPA.

> The courts have their own system of protections against abusive tactics that
> occur during litigation.  A grossly exaggerated debt or unfounded claim in a
> pleading could represent an abuse of process, and subject the attorney or client
> to sanctions or other disciplinary mechanisms.  Given these protections, when
> a claim is made to the court, there is no need to invoke the protection of a

statute designed to protect consumers from unscrupulous, unsupervised debt collection tactics such as threats of violence and harassing telephone calls.

*Id.*

Despite Stratton's assertions to the contrary, a prayer for relief of prejudgment interest is a request for judicial relief. *See Bird v. Pressler and Pressler, L.L.P.*, No. 12-CV-3007(JS)(ETB), 2013 U.S. Dist. LEXIS 74682, at *2 (E.D.N.Y. May 29, 2013). "A prayer for relief in a complaint, even where it specifies the quantity of [the amount sought] is just that: a request to the court for consideration, not a demand to the debtor himself." *Argentieri*, 15 F. Supp. 2d at 61. Although *Argentieri* involves improper requests for attorneys' fees, the reasoning is still convincing under the facts of this case because a request for prejudgment interest constitutes a request and not an unsupervised demand. *Id.* Based on the language in PRA's complaint, even an unsophisticated consumer would have understood that the request for interest was just a request, and would not have been misled by it. *See Scioli v. Goldman & Warshaw P.C.*, 651 F. Supp. 2d 273, 280 (D.N.J. 2009) ("An unsophisticated debtor is presumed to have read the summons and complaint, and after reading those documents, he could only conclude that [the debt collector] had *initiated* a lawsuit *seeking* the amounts itemized on the summons.") (emphasis in original). And at least one Kentucky court has held that requesting statutory prejudgment interest under KRS § 360.010 in a complaint does not violate the FDCPA. *See Unifund CCR Partners v. Carol Harrell*, No. 12-CI-00661 (Nelson Circuit Court) (dismissing an FDCPA counterclaim under similar facts); [*see also* Record No. 12-1.]

-11-

Stratton also argues that her failure to respond to the allegations meant that a default judgment could have been entered against her according to the Kentucky Rules of Civil Procedure. [Record No. 13, p. 22] Thus, she contends that PRA's allegation in its complaint was not merely a request but an attempt to collect an amount to which it was not entitled. [*Id.*] Accepting this argument would lead to the absurd result that *any* request in a complaint could lead to a cause of action under the FDCPA. And this would expand the scope of the FDCPA beyond its stated purpose: to protect against abusive, deceptive, and unfair debt collection practices. *See Argentieri*, 15 F. Supp. 2d at 61.

That is not to say that an allegation in a pleading could never constitute a violation of the FDCPA. However, in this case, the mere request for 8% statutory interest under Kentucky law does not constitute a violation of the FDCPA under the provisions cited by Stratton.[4] As PRA points out, it reasonably believed it was entitled to statutory prejudgment interest, and its request to the state court to decide the issue did not amount to a false representation under § 1692e(A)(2).[5]

Nor is this an instance where the debt collector attempted to collect *both* contractual interest and statutory interest for the same time period, which might give rise to an FDCPA

---

4       Stratton indicates that "discovery should demonstrate that PRA was charging and accruing interest on Ms. Stratton's account from the date of purchase, including adding the interest to the debt it reported to credit reporting agencies." [Record No. 13, p. 23] But this allegation is not included in Stratton's complaint. Accordingly, this possibility does not save Stratton's § 1692e(2)(A) claim.

5       Stratton argument that the Kentucky court would have had no discretion regarding awarding statutory prejudgment interest is simply incorrect. The court could have decided that KRS § 360.010 did not apply and that PRA was not entitled to that amount as of right even if the demand was liquidated.

violation under § 1692e(A)(2).  *See Scioli*, 651 F. Supp. 2d at 276 ("If recovery of both [contractual and statutory attorneys fees] is not permitted," seeking to recover both would be a false representation under the FDCPA).  Rather, PRA was attempting to collect statutory interest in lieu of contractual interest.  Stratton has more properly raised a defense to the 8% interest request in state court; it has not committed a violation of the FDCPA.  *See Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 818 (8th Cir. 2012) (citing *Heintz v. Jenkins*, 514 U.S. 291, 296 (1995)) (refusing the argument that a debt collector's factual allegations are false and misleading for the purposes of § 1692e when rejected as not adequately supported in the collection suit, because such a result would be contrary to the FDCPA's "apparent objective of preserving creditors' judicial remedies.").  Accordingly, Stratton's claim under § 1692e(2)(A) will be dismissed.

### 2.       15 U.S.C. § 1692e(5)

PRA also contends that Stratton's 1692e(5) claim should be dismissed because that portion of the FDCPA prohibits threats to take action, not the action itself.  *See* 15 U.S.C. § 1692e(5) (A "debt collector may not . . . [make a] threat to take any action that cannot legally be taken.").  *Delawder v. Platinum Fin. Sews. Corp*., 443 F. Supp. 2d 942, 948 (S.D. Ohio 2005) (for a viable § 1692e(5) claim, there must be a threat of action, not action itself) ; *Dicesari v. Asset Acceptance LLC*, No. 11-CV-6815, 2012 U.S. Dist. LEXIS 133168, *7 (E.D. Pa. Sept. 18, 2012) (§ 1692e(5), by its plain language, "applies to threats to take action that cannot legally be taken, but not illegal actions that are actually taken").  To establish a claim under this statute, the plaintiff must allege facts to support two elements: (1) a threat

to take an action against the consumer; and (2) a showing that (a) the action cannot be legally taken, or (b) a showing that the debt collector did not actually intend to undertake the threatened action. *Currier v. First Resolution Inv. Corp.*, No. 12-223-DLB, 2013 U.S. Dist. LEXIS 93476 (E.D. Ky. July 3, 2013) (citing *Samples v. Midland Credit Mgmt., Inc.*, No. 3:12-cv-99, 2012 U.S. Dist. LEXIS 91865, at *10 (M.D. Tenn. July 2, 2012)).

PRA argues that Stratton's 1692e(5) claim should be dismissed because PRA's filing of the state court debt collection action was not a threat to take action but action itself.  As noted by the *Currier* court, the FDCPA does not define what constitutes a threat.  *Currier*, 2013 U.S. Dist. LEXIS 93476, at *15-16.  The "distinction between a 'threat' and 'action' or an 'attempt' was relatively clear among district courts within the Sixth Circuit until a panel of that court issued an unpublished decision in *Gionis v. Javitch, Block & Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007).  *Currier*, 2013 U.S. Dist. LEXIS 93476, at *16.  In *Gionis*, a debt collector attached an affidavit to its state court complaint that stated that the collector was permitted to recover attorneys' fees to the extent permitted by Ohio law.  238 F. App'x 24, at 19-20.  The Sixth Circuit expressed its concern regarding the "wordplay" of distinguishing between a threat of action and the action itself, and found that the affidavit constituted a continuing threat that attorneys' fees would accrue if the debt was not paid.  *Id.*

Although Stratton argues that § 1692e(5) applies not only to threats of action but the action itself,[6] such an interpretation would impermissibly expand the plain language of the

---

6       Stratton cites *Harrington v. CACV of Colo.*, LLC, 508 F. Supp. 2d 128, 136 (D. Mass. 2007) as support for her position.  The case, however, is distinguishable.  In *Harrington*, the plaintiff cited

statute.  *See Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (the

interpretation of FDCPA begins with the statutory language itself).  Further, Stratton's claims

are factually distinguishable from *Gionis*, which involved an affidavit attached to a complaint

and a request for attorneys' fees rather than statutory prejudgment interest.  *Gionis*, 238 F.

App'x  at 28.  And, as in *Currier*, PRA "did not threaten to take an action that intended to

induce payment of a disputed debt, as the FDCPA was designed to protect."  *Currier*, 2013

U.S. Dist. LEXIS, at *19; *see also Wilson v. Asset Acceptance, LLC*, 864 F. Supp. 2d 642

(E.D. Ky. 2012) (holding that seeking to enforce a final judgment in its favor, even if not

procedurally correct, did not constitute a threat as contemplated by the FDCPA).

Here, Stratton does not dispute that she owes the face value of the debt to PRA.  The

state court collection action was a lawful vehicle for PRA to recover the debt Stratton owes.

The act of filing the state court complaint was not a "threat" within the meaning of

§ 1692e(5).  *Harrington*, 508 F. Supp. 2d at 136.  Because Stratton has not alleged that PRA

made a threat to take action under this section, her § 1692e(5) claim will be dismissed.

### 3. 15 U.S.C. § 1692f(1)

Title 15 of the United States Code, § 1692f(1), prohibits a debt collector from using

"unfair and unconscionable means to collect or attempt to collect any debt" which includes

"the collection of any amount (including any interest, fee, charge, or expense incidental to

---

other actions by the debt collector.  Further, the threat in that case was a motion for default judgment
that fell "somewhere between the baseless prayer for attorneys' fees in *Argentieri* and the harassing
practices described by the Senate."  *Id.*

the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).  PRA argues that this claim should be dismissed because the state court action was not an "unfair and unconscionable means," under the plain meaning of those words, to collect the debt it assumed from GE. [Record No. 16, p. 14]  It contends that the request to the state court for statutory prejudgment interest cannot be unfair or unjust because it is nothing more than a request for relief to which PRA was entitled.

The general prohibition of § 1692f "does not take a state-law dispute and move it to federal court." *Currier*, 2013 U.S. Dist. LEXIS 93476, at *11.  Nor has Stratton cited any precedent that indicates that filing a suit for prejudgment interest is unfair or unconscionable within the meaning of the FDCPA. *See Huff v. Dobbins, Fraker, Tennant, Joy & Perlstein*, Nos. 98-2286 & 98-2861, 1999 U.S. App. LEXIS 12055, at *20-21 (7th Cir. Feb. 11, 1999) ("We find no abuse of discretion in [the district court's denial of discovery] on the unlikely claim that suing for prejudgment interest on an alleged debt is an unfair or unconscionable means to collect it.")  As stated above, PRA's mere request in its valid state court debt collection action was not improper,[7] much less unfair or unconscionable.  Stratton has not alleged any facts to elevate this case from a state-law dispute to a federal claim under the FDCPA.  Because Stratton has not alleged any conduct by PRA that rises to the level of

_____

7       As indicated above, PRA was likely permitted by KRS § 360.010 to assert statutory prejudgment interest. *See* 15 U.S.C. § 1692(f)(1) (excepting such collection conduct where the amount sought is permitted by law).

unfair or unconscionable under § 1692f,  Stratton's claim under § 1692f(1) also will be dismissed.

## IV.

Stratton's Amended Complaint fails to state a claim upon which relief can be granted. Accordingly, it is hereby

**ORDERED** as follows:

1.      Defendant Portfolio Recovery Associates, LLC's Motion to Dismiss First Amended Complaint [Record No. 12] is **GRANTED**.

2.      All claims asserted by Plaintiff Dede Stratton in this matter are **DISMISSED**, with prejudice.  Further, this action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.      A separate Judgment in favor of Defendant Portfolio Recovery Associates, LLC, will issue this date.

This 26th day of November, 2013.

Signed By:
*Danny C. Reeves* DCR
**United States District Judge**

-17-