**UNITED STATES DISTRICT COURT**
for the
Eastern District of Kentucky
London Division

| | |
|---|---|
| Dede Stratton )<br>    *Plaintiff* )<br>                              )<br>v.                              )<br>                              )<br>Portfolio Recovery Associates, LLC )<br>    *Defendant* )<br>                              ) | Case No. 5:13-cv-00147-DCR |

**PLAINTIFF'S MEMORANDUME IN SUPORT OF HER
MOTION FOR SUMMARY JUDGMENT**

## I.    <u>Introduction</u>

Plaintiff Dede Stratton moves for summary judgment on her claim that Defendant Portfolio Recovery Associates, LLC ("PRA") violated the Fair Debt Collection Practices Act ("FDCPA") by attempting to collect interest to which it had no contractual or statutory right to collect. This is a *per se* violation of the FDCPA under 15 U.S.C. § 1692e.

Plaintiff Dede Stratton had a credit card account with GE Money Bank. She defaulted on the card and GE Money Bank charged off her credit card account on December 19, 2008 in the amount of $2,630.95.

> After Dede Stratton stopped making payments on her credit card, GE Money Bank "charged off" Stratton's $2,630.95 debt—GE determined that the debt was uncollectible and at least partially worthless. *See McDonald v. Asset Acceptance LLC,* 296 F.R.D. 513, 518 (E.D.Mich.2013). GE also stopped charging Stratton interest on her debt. GE's decision was neither irrational nor altruistic: By charging off the debt and ceasing to charge interest on it, GE could take a bad-debt tax deduction, I.R.C. § 166(a)(2), and could avoid the cost of sending Stratton periodic statements on her account, 12 C.F.R. § 226.5(b)(2)(i). *See also McDonald,* 296 F.R.D. at 525. A little more than a year later, in an increasingly common practice, *see*

> *Bartlett v. Portfolio Recovery Assocs.,* 438 Md. 255, 91 A.3d 1127, 1132 (2014), GE assigned its interest in Stratton's charged-off debt to PRA. According to industry norms, PRA would have paid anywhere between 4 and 14 cents on the dollar for Stratton's debt. *See* Fed. Trade Comm'n, *The Structure and Practices of the Debt Buying Industry* at ii (2013).

*Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d 443, 445 (6th Cir. 2014), *as amended* (Dec. 11, 2014)

PRA eventually filed suit against Ms. Stratton in state court alleging that she owed PRA the full face value of the debt plus 8% interest on the full amount of the debt dating from December 19, 2008. So PRA's complaint falsely alleges that Ms. Stratton owed PRA prejudgment interest for some thirteen months before PRA purchased Ms. Stratton's debt or had any legal interest in the debt. The allegation is false because PRA had no legal right to collect prejudgment interest on the debt for any time before acquiring the debt. Finally, "from the perspective of the least sophisticated consumer it is also a "threat" by PRA "to take action that cannot legally be taken"—namely, to recover 8% interest." *Id.* at 451.

**II.     Standard of Review**

The standard of review applicable to motions for summary judgment is established by Federal Rule of Civil Procedure 56 and the associated case law. Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Alternatively, summary judgment is denied "[i]f there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Hancock v. Dodson,* 958 F.2d 1367, 1374 (6th Cir.1992) (quoting *Anderson v.*

*Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986)). Thus, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250 (quoting Rule 56(e)).

Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.,* 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in the favor of that party. *Anderson,* 477 U.S. at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe by determining which parties' affiants are more credible. 10A Wright & Miller, *Federal Practice and Procedure,* § 2726. Rather, credibility determinations must be left to the fact-finder. *Id.*

Finally, in ruling on a motion for summary judgment, "[a] district court is not . . . obligated

to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller,* 889 F .2d 108, 111 (6th Cir.1989), *cert. denied,* 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, the court is entitled to rely upon the Rule 56 evidence specifically called to its attention by the parties. The Rule 56 evidence includes the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted. Fed.R.Civ.P. 56(c).

PRA attempted to collect interest from Ms. Stratton to which it had neither a contract right nor statutory right to collect. PRA falsely alleged in its state-court complaint that Ms. Stratton "owed" PRA interest that PRA had no legal right to collect. These acts violate the FDCPA.

There are no material issues of fact at issue in this case. Therefore, the Court may decide this case as a matter of law.

### III. The FDCPA

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. *Heintz v. Jenkins*, 514 U.S. 291, 292-93 (1995). The Act "limits 'debt' to consumer debt, *i.e.,* debts 'arising out of . . . transaction[s]' that 'are primarily for personal, family, or household purposes.'" *Id.* at 293 (quoting 15 U.S.C. § 1692a(5). 15 U.S.C. §§ 1692d, 1692e, and 1692f and requires the debt collector to provide the consumer with his or her rights, 15 U.S.C. § 1692g, under the Act.

The question of whether a communication or other conduct violates the FDCPA is to be determined by analyzing it from the perspective of the "least sophisticated debtor." *United States v. National Financial Services, Inc.*, 98 F.3d 131, 135-136 (4th Cir. 1996); *accord Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 329 (6th Cir. 2006); *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006).

"The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). See also *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997); *U.S. v. Nat'l Fin. Serv., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996); *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991); *Swanson v. S. Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225-1226 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-1175 (11th Cir. 1985). "While protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *United States v. National Financial Services, Inc.*, 98 F.3d at 136 (citation omitted). See also *Taylor v. Perrin Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997); *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996); *Avila v. Rubin*, 84 F.3d 222, 226-227 (7th Cir. 1996) ("the standard is low, close to the bottom of the sophistication meter"); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991); *Jeter v. Credit Bur., Inc.*, 760 F.2d 1168 (11th Cir. 1985).

"**As the FDCPA is a strict liability statute, proof of one violation is sufficient to**

**support summary judgment for the plaintiff."** *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990) (Emphasis added). *See also Stojanovski v. Strobl and Manoogian, P.C.*, 783 F. Supp. 319, 323 (E.D. Mich. 1992); *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 178-179 (W.D.N.Y. 1988). This means "that a consumer may recover statutory damages if the debt collector violates the FDCPA even if the consumer suffered no actual damages." *Federal Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 513 (6th Cir. 2007). Moreover, "[b]ecause the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F.3d at 33. *See also Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1176 (9th Cir. 2006); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d at 62; *Clomon v. Jackson*, 988 F.2d at 1318. Furthermore, the question of whether the consumer owes the alleged debt has no bearing on a suit brought pursuant to the FDCPA. *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982).

Therefore, whether PRA violated the FDCPA must be evaluated from the standpoint of the least sophisticated consumer.

## IV.     Relevant Facts

PRA is in the business of purchasing charged-off debts, including credit card debt. First Amended Complaint, DE 10 at ¶4. PRA typically purchases these debts for somewhere between 4% and 5% of the face value of the debt. *Id.* PRA purchased a credit-card debt owed by Plaintiff, Dede Stratton. GE Money Bank, F.S.B. was the original creditor and issuer of the credit card. *Id.* at ¶¶7-8. GE Money Bank charged off Ms. Stratton's credit card debt on December 19, 2008, with $2,630.95 due on the date on the date of charge off. *Id.* at ¶¶ 9-19. PRA purchased Ms. Stratton's credit card debt from GE Money Bank on January 15, 2010, which is about 13 months after GE

Money Bank charged off Ms. Stratton's credit card debt. *Id.* at ¶12. At the time of purchase, the face value of the debt was still $2,630.95. *Id.* at ¶18.

PRA filed suit against Ms. Stratton on June 20, 2012 in the Scott District Court. DE 10-1. In its Complaint, PRA alleged that Ms. Stratton owed PRA the full face value of the amount of the debt plus 8% interest from December 19, 2008. *Id.* That is, PRA's state-court lawsuit attempted to collect prejudgment interest from Ms. Stratton on the full face amount the debt for a period of over a year before PRA had any interest in the debt and during which the original creditor accrued no interest on the debt.

V.  **Argument**

PRA violated the FDCPA by attempting to collect interest on Ms. Stratton's Debt that it had no legal right to recover from Ms. Stratton and by threatening to take an action against her to collect a debt that PRA could not legally take.

A.  **Four Elements of an FDCPA Claim**

> [T]o establish a prima facie case for violation of the FDCPA requires plaintiff to plead and prove four elements:
>
> (1) the plaintiff is any natural person who is harmed by violations of the FDCPA, or is a "consumer" within the meaning of 15 U.S.C.A. §§ 1692a(3), 1692c(d) for purposes of a cause of action pursuant to 15 U.S.C.A. § 1692c or 15 U.S.C.A. § 1692e(11);
>
> (2) the "debt" arises out of a transaction entered primarily for personal, family, or household purposes; 15 U.S.C.A. § 1692a(5);
>
> (3) the defendant collecting the debt is a "debt collector" within the meaning of 15 U.S.C.A. § 1692a(6); and
>
> (4) the defendant has violated, by act or omission, a provision of the FDCPA, 15 U.S.C.A.
>
> If any of these elements are not met, a case may be defended on that

basis.

*Duncan v. Citibank (S.D.), N.A.*, 2006 U.S. Dist. LEXIS 95351, 2006 WL 4063023, at *5 (D.N.M. June 30, 2006) (quoting 29 M. Wengert, *Causes of Action 2d* 1 § 49 (2005)).

Ms. Stratton can meet each of these elements

### i. Plaintiff Dede Stratton is a Consumer

"The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Plaintiff Dede Stratton is a "consumer" within the meaning of the FDCPA. First Amended Complaint at ¶6, DE 10. *See also* Stratton Affidavit at ¶2 attached as Exhibit "A;" PRA's state court complaint. DE 10-1.

### ii. The GE Money Bank Debt at Issue is a "Debt" under the FDCPA

"The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes…." 15 U.S.C. § 1692a(5). Ms. Stratton only used the GE Money Bank credit card for personal or household purposes. *Id.* at ¶8; Exhibit "A" at ¶¶5-6.

### iii. Portfolio Recovery Associates, LLC is a "Debt Collector"

"The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a(6).

"Portfolio Recovery Associates, LLC ("PRA, LLC") is a wholly-owned subsidiary of Portfolio Recovery Associates, Inc. ("PRA, Inc."). PRA, LLC purchases and manages portfolios of defaulted and bankrupt consumer receivables; in other words, **PRA, LLC is a debt collector**.

*Riddle v. Portfolio Recovery Associated, Inc.*, No. CIV.A. 12-82-DLB-JGW, 2014 WL 1252610, at *1 (E.D. Ky. Mar. 26, 2014) (bolding added).

Here, PRA's responses to Plaintiff's First Request for Admissions ("RFA") establishes that PRA is a "debt collector." PRA admits that its business includes buying or otherwise acquiring consumer debts that have been written off by the original creditor. Response to RFA #8, Exhibit "B," PRA's responses to Plaintiff's First Requests for Admissions. PRA further admits that PRA files suit in the Commonwealth of Kentucky for purposes of collecting debts that it has purchased from original creditors. *Id.* at Response to RFA #9. PRA sued Ms. Stratton in state court in an attempt to collect a charged-off GE Money Bank credit card debt from her. PRA's state court complaint. DE 10-1. PRA admits that GE Money Bank credit card debt at issue had been charged off and was in default when PRA acquired the debt. Responses to RFA #'s 5-6, Exhibit "C," PRA's responses to Plaintiff's Second Requests for Admissions. PRA is a debt collector. *Slick v. Portfolio Recovery Associates, LLC*, No. 12 C 2562, 2014 WL 4100416, at *4 (N.D. Ill. Aug. 20, 2014)

In *Slick*, PRA disputed that it was a debt collector. In rejecting this argument, the *Slick* Court stated:

> [T]he uncontroverted evidence belies PRA's contention. Slick testified that the charges on her Capital One account were for "personal, family, and household purchases." R. 90 ¶ 15. That satisfies the definition of debt under the FDCPA. *See* 15 U.S.C. § 1692a(5). Furthermore, the Seventh Circuit stated in *McKinney v. Cadleway Properties, Inc.,* that "the purchaser of a debt in default is a debt collector for purposes of the FDCPA even though it owns the debt and is collecting for itself." 548 F.3d 496, 501 (7th Cir. 2007). PRA purchased Slick's account from Capital One…and sent letters to Slick and made attempts to collect the amount owed from Slick. It also affirmatively stated in the letters that the "letter [was] from a debt collector and [was] an attempt to collect a debt." **Any argument that the FDCPA does not apply to PRA here or that it was not attempting to collect a debt fails.**

*Id.* at *4 (internal record citations omitted and bolding added). *Accord Thomas v. Portfolio Recovery Associates LLC*, No. 12CV1188-WQH-WMC, 2013 WL 4517175, at *5 (S.D. Cal. Aug. 12, 2013) ("It is undisputed that PRA is a "debt collector" and the debt at issue is a "debt" subject to the FDCPA. 15 U.S.C. § § 1692a(5)-(6). It is undisputed that the State Court Complaint at issue is subject to the requirements of the FDCPA."):

### iv. PRA Violated the FDCPA

As determined by the Sixth Circuit Court of Appeals,

> [b]ecause PRA does not have the right to collect interest on Stratton's debt, PRA's allegation to the contrary is a "false representation" of the "character" and "amount" of Stratton's debt. § 1692e(2); *see also Gearing v. Check Brokerage Corp.,* 233 F.3d 469, 472 (7th Cir.2000). PRA's state court suit is an "attempt" to collect an "amount"—$2,630.95 plus 8% interest—that is neither "expressly authorized" by any agreement in the record nor "permitted by law." § 1692f(1). And from the perspective of the least sophisticated consumer it is also a "threat" by PRA "to take action that cannot legally be taken"—namely, to recover 8% interest.

*Stratton*, 770 F.3d at 451.

### a. PRA had no Legal Right to Collect Interest at 8.00% Per Annum as Falsely Alleged in its State Court Complaint

#### I. GE Money Bank had no Legal Right to Recover Statutory Interest of 8.00% Per Annum from Ms. Stratton

The Sixth Circuit Court of Appeals has already this issue in favor of Ms. Stratton:

> "Absent a contractually agreed upon rate, the appropriate rate of interest is governed by statute." *Reliable Mech., Inc. v. Naylor Indus. Servs., Inc.,* 125 S.W.3d 856, 857 (Ky.Ct.App.2003). Section 360.010(1) of the Kentucky Revised Statutes provides, in relevant part:
>
>> The legal rate of interest is eight percent (8%) per annum, but any party or parties may agree, in writing, for the payment of interest in excess of that rate[;] ... and any such

-10-

> party or parties, and any party or parties who may assume or guarantee any such contract or obligation, shall be bound for such rate of interest as is expressed in any such contract, obligation, assumption, or guaranty, and no law of this state prescribing or limiting interest rates shall apply to any such agreement or to any charges which pertain thereto or in connection therewith....
>
> There is no question that GE and Stratton "agree[d], in writing, for the payment of interest in excess of that rate." *Id.* And for the purposes of this appeal, PRA concedes that GE waived its right to collect interest at the contractually agreed upon rate of 21.99%. **The question is whether GE's waiver of its right to contractual interest could somehow give it or PRA, GE's assignee, the right to collect statutory interest. In other words, can someone collect interest if they agree not to collect interest? The answer must be no.**
>
> \* \* \* \* \*
>
> GE waived its right to collect contractual interest, a right it had acquired in part by forgoing its right to collect statutory interest. GE gave up the right to collect 8% statutory interest when it had Stratton agree to a 21.99% contractual rate of interest. **GE cannot recover the right it bargained away simply because it later chose to waive the right for which it bargained.** GE and any party "who may assume or guarantee any such contract or obligation[ ] shall be bound by such rate of interest;" GE's choices are binding and "no law of this state prescribing or limiting interest rates shall apply" to relieve it of the consequences of those choices. Ky.Rev.Stat. § 360.010(1).

*Id.* at 47-48 (bolding added).

The Sixth Circuit's ruling is law of the case and binding on this Court. *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006) ("Determinations by a Court of Appeals become the law of the case and are binding on both the district court on remand and the Court of Appeals upon subsequent appeal.").

### I. PRA had no Legal Right to Recover Statutory Interest of 8.00% Per Annum from Ms. Stratton because PRA's Rights Derive against Ms. Stratton Flow from GE Money Bank's Rights

"PRA, as GE's assignee, moreover, 'acquire[d] no greater right than was possessed by [its] assignor ... but simply stands in the shoes of the latter.' *Whayne Supply Co. v. Morgan Constr. Co.*, 440 S.W.2d 779, 782–83 (Ky.1969). PRA cannot be given a right to collect interest—contractual or statutory—that GE waived." *Stratton*, 770 F.3d. at 448. So like GE Money Bank, PRA had no legal right to collect statutory interest of 8.00% per annum from Ms. Stratton.

PRA violated 15 U.S.C. § 1692f(1); 15 U.S.C. § 1692e(2)(A); and 15 U.S.C. § 1692e(5) by attempting to collect interest from Ms. Stratton in its state court complaint that PRA had no legal right to collect from her.

#### c. PRA Violated 15 U.S.C. § 1692f(1)

15 U.S.C. § 1692f(1) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .[t]he false representation of . . . the character, amount, or legal status of any debt

PRA's state court complaint is an attempt to collect a debt from Ms. Stratton. Paragraph 4 of the state-court complaint affirmatively states that Ms. Stratton owes PRA the principal amount of "$2,630.95, with interest thereon at the rate of 8% per annum from December 19, 2008." DE 10-1. The complaint was attempt to collect both principal and interest part and parcel. Because PRA had neither a contract nor a statutory right to collect prejudgment interest on the debt that it had no legal right to collect, PRA's state-court complaint constitutes a plain violation of 15 U.S.C. § 1692f(1). *See e.g. Carrizosa v. Stassinos,* 2010 WL 144807 (N.D. Cal. Jan. 10, 2010) (granting

summary judgment on the consumers' § 1692f(1) claim where the debt collector attempted to collect both prejudgment interest and treble damages when state law prohibited the collection of both amounts).

Attempts to collect even very small interest overcharges violate the plain language of FDCPA. *Duffy v. Landberg*, 215 F.3d 871, 875 (8th Cir. 2000). In *Duffy*, the debt collector sent the debtor appellants dunning letters that overstated interest charges in the amount of $1.29, $1.84, and $.65. *Id.* at 874. Finding that these letters violated the FDCPA, the *Duffy* Court explained that "although the interest calculations were admittedly only slightly overstated, the letters seeking these overstated interest charges were nonetheless an attempt to collect interest not permitted by law, and therefore a violation of the plain language of section 1692f(1)." *Id.* at 875. *Accord Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000) (holding that interest and late charges imposed by the collection agency exceeded a state limitation of 10% and violated the FDCPA); *Cadle Co. v. Steiner*, 2011 WL 925450 (Conn. Super. Ct. Feb. 10, 2011) (holding that the debt collector's demand of improperly calculated interest in excess of that allowed by statute violated the FDCPA); *Melillo v. Shendell & Assocs., P.A.*, 2012 WL 253205 (S.D. Fla. Jan. 26, 2012) (holding that the complaint stated a § 1692f claim by alleging that the defendant sent a dunning letter that sought to collect five months of interest when only three months of interest would have been due); *Egletes v. Law Offices Howard Lee Schiff, P.C.*, 2010 WL 3025236 (D. Conn. July 30, 2010) (holding that where the defendant attempted to garnish wages with interest on the judgment when the judgment struck a provision for interest, it was "inexcusable" for the collection lawyers to seek interest); *In re Maxwell*, 281 B.R. 101 (Bankr. D. Mass. 2002) (holding that purchaser of defaulted note violated the FDCPA by demanding interest even though it had no documents on which it could determine how much interest it was entitled to demand).

### d. PRA Violated 15 U.S.C. § 192e(A)(2)

15 U.S.C. § 1692e(A)(2) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .[t]he false representation of . . . the character, amount, or legal status of any debt

PRA's state-court complaint contains a demonstrably false statement concerning the character, amount, and/or legal status of Ms. Stratton's debt. PRA's complaint is clearly and plainly an attempt to collect a "debt" from Ms. Stratton within the meaning of the FDCPA. DE 10 at ¶8. PRA's state-court complaint against Ms. Stratton contains four paragraphs of allegations that provide:

> 1. That the account of DEDE STRATTON, bearing the account number ending in 0265 is in default.
>
> 2. Said account is due and payable to Portfolio Recovery Associates, LLC, having acquired the account through sale, assignment or other legal means.
>
> 3. The original creditor is GE MONEY BANK, F.S.B.
>
> 4. Said obligation is past due, and the **Defendant(s) owes Plaintiff $2,630.95, with interest thereon at the rate of 8% per annum from December 19, 2008** until the date of judgment with 12% per annum thereafter until paid, plus court costs.

DE 10-1 (bolding added).

**Ms. Stratton does not and cannot owe PRA interest that PRA has no right to collect.** Therefore, Paragraph 4 is a "false, deceptive, or misleading representation" made by PRA in connection with an attempt to collect a debt from Ms. Stratton.

### e.     PRA Violated 15 U.S.C. § 1692e(5)

"[F]rom the perspective of the least sophisticated consumer [PRA's state court complaint is] 'threat' by PRA 'to take action that cannot legally be taken'—namely, to recover 8% interest. In *Currier*,[1] this court adopted the reasoning of our prior unpublished opinion in *Gionis*[2] that complaints, liens, and other "[c]ourt filings can be a threat under the FDCPA." *Stratton*, 770 F.3d at 451.

### VI.     Conclusion and Relief Requested

PRA's state court was an attempt to collect interest from Ms. Stratton that PRA had no legal right to collect from her. PRA violated 15 U.S.C. § 1692f(1); 15 U.S.C. § 1692e(2)(A); and 15 U.S.C. § 1692e(5). Therefore, the Court should grant summary judgment in Ms. Stratton's favor.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue
Suite #4
Louisville, KY 40207
(502) 473-6525
james@kyconsumerlaw.com

**Kenneth J. Henry**
Henry & Associates, PLLC
331 Townepark Circle, Suite 200
Louisville, KY 40243
(502) 245-9100
Email: ken@kennethhenrylaw.com

---

[1] *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir.2014).
[2] *Gionis v. Javitch, Block, Rathbone, LLP*, 238 Fed.Appx. 24, 28 (6th Cir.2007).

## **Certificate of Service**

      I hereby certify that I have served a copy of the foregoing document through the Court's CM/ECF system or by email on this the 1st day of October, 2015:

Joseph N. Tucker
*Dinsmore & Shohl, LLP*
25th Floor
101 S. Fifth Street
Louisville, KY 40202

                                    /s/ James H. Lawson
                                    *Counsel for Defendant*