## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## LEXINGTON DIVISION

DEDE STRATTON,

                    Plaintiff,

v.

PORTFOLIO RECOVERY
ASSOCIATES, LLC,
                    Defendant.

_____)

**Case 5:13-CV-00147-DCR**

**DEFENDANT <u>PRA'S RESPONSE</u>
IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Defendant, Portfolio Recovery Associates, LLC ("PRA"), files this Response in Opposition to Plaintiff's Motion for Summary Judgment [D.E. 56], and states as follows:

## I.     <u>INTRODUCTION</u>

In obtaining a remand from the Sixth Circuit, the Plaintiff ("Ms. Stratton") forgot that she still had to prove her case in this Court. As set forth below, Ms. Stratton failed to prove her case, her Motion for Summary Judgment should be denied, and PRA is entitled to summary final judgment on all of Ms. Stratton's claims as a matter of law.

Ms. Stratton's entire case and the Sixth Circuit's holding in *Stratton* are premised on the mere <u>assumption</u> that the original creditor, GE Money Bank ("GE"), waived its right to charge Ms. Stratton contract interest before GE sold Ms. Stratton's Account to PRA.[1] However, only **<u>if</u>** Ms. Stratton can <u>prove</u> that GE waived the right to charge contract interest, does the Sixth Circuit's decision govern these proceedings such that PRA arguably would not be entitled to interest on Ms. Stratton's past due Account.

---

[1] *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 447, 448 (6th Cir. 2014)("[F]or the purposes of this appeal, PRA concedes that GE waived its right to collect interest at the contractually agreed upon rate of 21.99% . . . . It may be that the discovery process could reveal some contractual provision that entitles PRA to collect some sort of interest.").

Ms. Stratton has wholly failed to meet her burden of proof because she has presented absolutely no evidence that GE waived its right to collect contract interest from Ms. Stratton. Ms. Stratton's failure to prove her case is stark. Despite the non-waiver clause in her GE Credit Card Agreement requiring evidence of GE's waiver to be via a signed writing, Ms. Stratton presented no evidence that GE expressly waived, in a signed writing, GE's right to charge Ms. Stratton contract interest. Further, even though the non-waiver clause in the Credit Card Agreement precludes a finding of implied waiver, Ms. Stratton has failed to present any evidence that GE impliedly waived its right to charge contract interest: Ms. Stratton never sought to depose a GE representative and she only sought documents from GE in a manner that violated this Court's scheduling order.[2] Ms. Stratton also never retained a credit card industry expert to provide evidence of the credit card industry's accounting and business practices at charge-off, and she never even sought to depose a PRA representative.

Rather than attempt to present any evidence, Ms. Stratton rests her case exclusively on the bare allegations of her Amended Complaint, her unsigned affidavit, and the Sixth Circuit's decision, all of which are insufficient as a matter of law. Ms. Stratton also incorrectly asserts that the Sixth Circuit's opinion determined, as the "law of the case," that GE waived the right to charge contract interest and that PRA ostensibly violated the FDCPA. This is not only incorrect, but, because this case was before the Sixth Circuit on PRA's Motion to Dismiss, also impossible. Further, the Sixth Circuit's opinion expressly acknowledged that on remand, PRA may be able to establish that GE, and therefore PRA, has the right to collect interest from Ms. Stratton.

As set forth below, the only evidence before this Court is that when GE sold the Account to PRA, GE had the right to charge contract interest on Ms. Stratton's Account from the date of

---

[2] *See* [D.E. 53], Court's Order Denying Ms. Stratton's Motion to Compel Discovery from GE, now known as Synchrony Bank.

charge-off. Thus, upon assignment, PRA stepped into GE's shoes and PRA had the right to collect as much interest as was allowed by contract from the date of charge-off. Because PRA's state court Collection Lawsuit lawfully asserted an entitlement to a lesser amount of interest, PRA did not violate the FDCPA. Accordingly, this Court must deny Ms. Stratton's motion for summary judgment [D.E. 56], and grant PRA's Motion for Summary Judgment as a matter of law. [D.E. 54].

## II.   FACTUAL BACKGROUND

PRA incorporates by reference the factual background included within its Motion for Summary Final Judgment. [D.E. 54 at pp. 5-10].

## III.   MS. STRATTON'S CLAIMS

Ms. Stratton's claims are based on her assertion that PRA's state court Collection Lawsuit improperly sought to collect interest at the rate of 8% per year, but only for the time period from the date that GE charged-off Ms. Stratton's Account (December 19, 2008), through the date when PRA acquired the Account from GE 13-months later (January 10, 2010). To support her claim, Ms. Stratton's Motion for Summary Judgment does not cite to any supporting documents, but only references the allegations in her Amended Complaint.[3] Indeed, Ms. Stratton's only references to GE's alleged waiver of the right to charge contract interest are quotes from the Sixth Circuit's *Stratton* opinion.[4] Based on her incorrect assumption that GE's waiver has already been decided, Ms. Stratton asserts that PRA allegedly violated the FDCPA by seeking interest to which it was ostensibly not entitled.[5]

---

[3] *See* Ms. Stratton's Motion for Summary Judgment, [D.E. 56-2 at pp. 6-7] (citing only to the allegations of her Amended Complaint).
[4] *See* Ms. Stratton's Motion for Summary Judgment, [D.E. 56-2 at p. 11].
[5] *Id.* at 2, 7.

Though Ms. Stratton made no effort in discovery or in her Motion for Summary Judgment to establish that GE made a "a voluntary and intentional surrender or relinquishment"[6] of its right to collect contract interest, when viewing the facts in a light most favorable to Ms. Stratton, there are three facts to which Ms. Stratton <u>could</u> cite to support a claim of waiver:

1.   GE charged-off Ms. Stratton's credit card debt on December 19, 2008, with an Account balance of $2,630.95;

2.    PRA purchased Ms. Stratton's credit card debt from GE on January 15, 2010; and

3.   At the time of PRA's purchase, the balance on Ms. Stratton's Account was listed as $2,630.95. [7]

Ms. Stratton has presented this Court with no other facts which could possibly support her claim that GE "waived its contractual right to charge any interest on Ms. Stratton's Lowes credit card account after December 19, 2008 through the sale of Ms. Stratton's credit-card debt on January 15, 2010."[8]

As set forth herein and in PRA's own Motion for Summary Judgment [D.E. 54], the above facts do not establish that GE expressly, intentionally and voluntarily relinquished its right to charge Ms. Stratton contract interest. Thus, Ms. Stratton has completely failed to meet her burden to prove GE's waiver. Because the only evidence before the Court is that GE had the right to seek contract interest on Ms. Stratton's Account from the date of charge-off, and that GE assigned that same right to PRA, PRA did not violate the FDCPA by seeking only 8% interest. Accordingly, Ms. Stratton's Motion for Summary Judgment must be denied, and PRA is entitled to entry of Summary Final Judgment as a matter of law.

---

[6] *Stratton*, 770 F.3d at 447 (citing *Conseco Fin. Serv.  Corp. v. Wilder*, 47 S.W.3d 335, 344 (Ky. Ct. App. 2001)).

[7] *See* Ms. Stratton's Memo in Support of Motion for Summary Judgment, [D.E. 56-2 at pp. 6-7], in which she sets forth the "facts" based only on the allegations in her Amended Complaint. *See also*, Amended Complaint, [D.E. 10 at ¶¶ 8-27].

[8] Amended Complaint, [D.E. 10 at ¶ 20].

4

## IV.   ARGUMENT

### A.   GE Clearly Had the Contractual Right to Charge Ms. Stratton 21.99% Interest.

As Ms. Stratton alleged in her Amended Complaint, "GE . . . had a contractual right to charge, impose and accrue interest on Ms. Stratton's . . . credit card account."[9] As she stated in her discovery responses, the "underlying credit card agreement that applied to the Account included terms and conditions that gave [GE] the right to charge interest on the Account."[10] In discovery, PRA produced the applicable Credit Card Agreement stating, under oath, that the documents pertaining to Ms. Stratton's Account in PRA's possession included

> the GE Credit Card Agreement (Bates Stamped PRA/Stratton 000015-16),... [which] show[s] the Stratton Account was delivered from GE to PRA with an existing contract interest rate of 21.99 %, which was the rate GE imposed on the Stratton Account at the time of default pursuant to the account statements GE sent to Ms. Stratton and then delivered to PRA in conjunction with the sale of the Stratton Account. [11]

Thus, it is undisputed that the Credit Card Agreement applicable to Ms. Stratton's Account gave GE the right to charge 21.99% interest.[12]

### B.   PRA Purchased the Account and Stepped into GE's Shoes.

It is undisputed that PRA purchased all of GE's rights in Ms. Stratton's credit card Account, including all rights in the Credit Card Agreement. Indeed, Ms. Stratton's Amended Complaint expressly states that "PRA purchased a credit-card debt owed by Plaintiff, Dede Stratton. GE Money Bank, F.S.B. was the original creditor and issuer of the credit card. PRA purchased Ms. Stratton's credit-card debt on January 4, 2010 . . . . "[13] Ms. Stratton also alleged

---

[9] Amended Complaint, [D.E. 10 at ¶ 22].
[10] Ms. Stratton's Discovery Responses, [D.E. 54-5 at p. 4].
[11] [D.E.54-3, 54-7].
[12] Credit Card Agreement, [D.E. 54-3 at p. 3].
[13] Amended Complaint, [D.E. 10 at ¶ 1].

that, "As GE Money Bank's assignee, PRA's cause of action against Ms. Stratton derives from

GE Money Bank's cause of action against Ms. Stratton." [14]

The sales documents by which PRA acquired Ms. Stratton's Account from GE also

clearly show that GE expressly transferred all of its rights and interest in the Account to PRA,

including GE's Credit Card Agreement which allowed GE to charge Ms. Stratton 21.99%

interest. For example, the Credit Card Agreement between Ms. Stratton and GE expressly states

that GE "may sell, assign or transfer any of our rights or obligations under this Agreement or

your Account. . . ." [15] GE's Bill of Sale to PRA expressly states that GE "hereby transfers, sells,

conveys, grants and delivers to [PRA], **to the extent of [GE's] ownership**, the Receivables . . .

delivered by [GE] to [PRA]. [16] PRA's and GE's confidential Forward Flow Agreement defines a

"Receivable" as a "credit card receivable relating to an unsecured credit card account" and

defines an "account" as "any retail credit card account . . . with respect to which there is a

Receivable." [17] The Forward Flow Agreement goes on to state that GE is selling and PRA is

buying **all of GE's "right, title and interest in and to the Receivables**," and references the

Account Documents supporting the right to the amounts due as including "any application,

**agreement**, billing statement, Affidavit, abstract of cardholder account . . . or other

---

[14] Amended Complaint, [D.E. 10 at ¶ 25].

[15] Credit Card Agreement, [D.E. 54-3 at p. 2].

[16] Exhibit 1, Bill of Sale and Forward Flow Agreement (bates numbered PRA/STRATTON CONFIDENTIAL 000020 – 57 (filed under seal) (emphasis added). Pursuant to the Court's Protective Order, [D.E. 38], and Joint General Order 11-02, Exhibit 1, which was marked as Confidential during discovery, has been filed under seal without seeking leave from the Court. *See* [D.E. 38 at ¶ 7] ("The parties shall file such Confidential information only under seal."); Joint General Order 11-02, In re: Electronic Case Filing administrative Policies and Procedures, § 8.1(a)(1) ("A motion for leave to seal is not required if the document is (1) already subject to a protective order. . . .").

[17] Exhibit 1.

correspondence relating to an Account and relevant to the collection of the related Receivable. . . ."[18]

Additionally, PRA produced in discovery and stated, under oath, that in conjunction with GE's sale of the Account to PRA, GE provided PRA with the Credit Card Agreement applicable to Ms. Stratton's Account, which Credit Card Agreement allowed the imposition of 21.99% interest.[19]

Indeed, the Courts in this district have twice addressed this precise issue and have concluded that GE's bill of sale transfers to debt buyers all of GE's rights with respect to credit card accounts, including all rights in GE's credit card agreements. For example, in both *Caudill v. Cavalry SPV I, LLC*, No. 14-CV-32-ART, 2014 U.S. Dist. LEXIS 117795 (E.D. Ky. Aug. 25, 2014) and *Martin v. Cavalry SPV I, LLC*, No. 13-CV-88-GFVT, 2014 U.S. Dist. LEXIS 43293 (E.D. Ky. Mar. 31, 2014), the consumers argued that the debt buyers "only purchased an account receivable and did not purchase GE's other contractual rights contained in the Credit Card Agreement." *Martin*, 2014 U.S. Dist. LEXIS 43293, at *4; *Caudill*, 2014 U.S. Dist. LEXIS 117795, at *11. Both Judge Thapar and Judge Van Tatenhove flatly rejected the consumers' arguments, finding that the plain language of the documents (which is nearly identical to the language in this case) established that GE transferred to the debt buyers all of GE's rights in the consumers' accounts, including all rights in the credit card agreements. Indeed, in *Martin*, the court expressly held that **"it is settled law that contractual rights at least are transferred to an assignee of accounts receivable."** *Martin*, at *13, 15-16, 20 (the *Martin* court cited from the GE sales documents to support its conclusion that assignment of "receivables" included assignment of all contractual rights: The "Bill of Sale between GE and Cavalry states that by

---

[18] *Id.* (emphasis added).
[19]   [D.E.54-3, 54-7].

7

executing that agreement, GE Money Bank 'hereby transfers, sells, conveys, grants, and delivers to Buyer, its successors and assigns, without recourse except as set forth in the Agreement, all right, title and interest in and to the Receivables.'" And, the court also noted that under "KRS § 355.9-404, which is Kentucky's version of UCC §9-318(1)(a), the rights acquired by an assignee to accounts receivable are subject to the following: (a) All terms of the agreement  between the account debtor and assignor ...").

In short, it cannot be disputed that PRA bought all of the rights which GE had with respect to Ms. Stratton's Account, including all of GE's rights in the Credit Card Agreement (including the right to charge 21.99% interest), and that PRA stepped into GE's shoes for all purposes with respect to the Account. Thus, because at the time GE sold the Account to PRA, GE retained the right to charge Ms. Stratton contract interest from the date of charge-off, PRA had that same right. *See Martin*, 2014 U.S. Dist. LEXIS 43293, at *15 ("Kentucky law recognizes that an assignee to a contract stands in the shoes of the assignor in the sense that the rights and obligations of the assignor are transferred to the assignee along with the contract."); *Stratton v. Portfolio Recovery Assocs., LLC*, No. 5:13-CV-147-DCR, 2013 U.S. Dist. LEXIS 167636, at *8 (E.D. Ky. Nov. 26, 2013), *rev'd on other grounds*, 770 F.3d 443 (6th Cir. 2014) ("PRA simply stands in the shoes of GE"); *Whayne Supply Co. v. Morgan Constr. Co.*, 440 S.W.2d 779, 782-83 (Ky. 1969).

**C.   PRA's Evidence Shows that GE Transferred to PRA the Right to Charge Contract Interest at 21.99%.**

The evidence before the Court establishes that GE transferred to PRA all of GE's rights, title and interest in Ms. Stratton's Account, including GE's right to charge Ms. Stratton 21.99% interest. GE's Credit Card Agreement gave GE the right to charge Ms. Stratton 21.99% interest. The sales documents show that GE transferred to PRA all of GE's rights in the Credit Card

Agreement, which specifically gave GE the right to charge Ms. Stratton 21.99% interest.[20] Furthermore, the "Load Data" by which GE sent to PRA all of GE's information regarding Ms. Stratton's Account, shows that at the time of the sale, GE transferred to PRA the right to charge Ms. Stratton up to the 21.99% contract interest rate:

| ACCTNUM | ████████0265 |
| MKR_FN | DEDE |
| MKR_LN | STRATTON |
| ... | |
| INT_RATE | 21.99 |

Data printed by Portfolio Recovery Associates, LLC from electronic records
provided by GE MONEY BANK, F.S.B. pursuant to the sale of accounts from GE MONEY BANK, F.S.B.
to Portfolio Recovery Associates, LLC on 1/15/2010                                        [21]

PRA's responses to Ms. Stratton's interrogatories also establish that PRA intended to acquire from GE the right to charge Ms. Stratton up to 21.99% contract interest rate.[22]

Thus, the only evidence before the Court is that at the time of sale, GE retained the right to charge Ms. Stratton contract interest in the amount of 21.99%, and that GE transferred that same right to PRA.

---

[20] *See* Exhibit 1.
[21] [D.E. 54-4] (redacted excerpt from the Load Data).
[22] [D.E. 54-7], PRA's Responses to Ms. Stratton's Discovery Requests, Response to Interrogatory No. 2 ("Load Data sheet from GE (Bates Stamped PRA/Stratton 000017), showing the Stratton Account was delivered from GE to PRA with an existing contract interest rate of 21.99 %. . . .").

**D.      PRA had the Right to Seek Interest From Charge-Off Until the Date of Judgment.**

**1.      Courts May Award Interest to an Assignee for the Period Before the Assignment**

Ms. Stratton continues to assert that PRA had no right to seek interest on the Account for the time period before it acquired the Account.[23] Ms. Stratton is wrong. Contrary to Ms. Stratton's assertion, the relevant issue is <u>not</u> the date <u>when</u> PRA received the assignment of all of GE's rights in Ms. Stratton's Account. Rather, the relevant issue is <u>what</u> rights did PRA receive upon the assignment of the Account from GE? Even according to Ms. Stratton, because PRA was GE's assignee, "PRA's cause of action . . . derives from GE's . . . cause of action against Ms. Stratton."[24] Thus, because, as set forth above, the only evidence before the Court is that GE assigned to PRA the right to seek contract interest on the Account from the date of charge-off, PRA could properly seek up to that amount of interest from Ms. Stratton in the Collection Lawsuit, even for the time period before PRA acquired the Account.

In fact, courts routinely award interest to an assignee for the time period before the assignee received an assignment of rights. This concept makes sense because the assignee steps into the assignor's shoes and rights, including the right to claim interest from the earliest date which could be claimed by the assignor—here, the date of charge-off. *See Insituform Techs., Inc. v. Cat Contr., Inc.*, 518 F. Supp. 2d 876, 882 n.3 (S.D. Tex. 2007) (calculating interest in patent case from the time of the infringing activity, which was prior to date the patent rights were assigned to the plaintiff); *Lehman Bros. Holdings v. PMC Bancorp*, No. CV10-07207, 2013 U.S. Dist. LEXIS 39594, at *36 (C.D. Cal. Mar. 8, 2013) (determining that assignee was entitled to

---

[23] *See* Ms. Stratton's Motion for Summary Judgment, [D.E. 56-2 at pp. 2, 7] ("PRA had no legal right to collect prejudgment interest on the debt for any time before acquiring the debt" and "PRA's state-court lawsuit attempted to collect prejudgment interest from Ms. Stratton on the full face amount the debt for a period of over a year before PRA had any interest in the debt and during which the original creditor accrued no interest on the debt.").
[24] [D.E. 10 at ¶ 25].

prejudgment interest "from the date of Defendant's breaches," even when the breaches predated

the assignment); *State Contr. & Eng'g Corp. v. Condotte Am., Inc.*, No. 97-7014-CIV, 2002 U.S.

Dist. LEXIS 28213, at *4 (S.D. Fla. Aug. 28, 2002) (finding that plaintiff was "entitled to

prejudgment interest that predates its receipt of assignment of the patent rights"); *Chaparral

Res., Inc. v. Monsanto Co*., 849 F.2d 1286, 1288, 1291 (10th Cir. 1988) (awarding assignee

interest from repudiation of contract, which pre-dated assignment).

### 2. On the Day GE Sold the Account to PRA, GE Had the Right to Charge Ms. Stratton Contract Interest Retroactive to the Date of Charge-Off

As set forth herein, even after GE charged-off Ms. Stratton's Account, GE retained the

right to charge contract interest.[25] The plain language of the non-waiver clause makes clear that

even if PRA did not actually charge interest on the Account from the date of charge-off through

the date it sold the Account to PRA, on the date GE sold the Account to PRA, GE still had the

right to retroactively add interest to the Account from the date of charge-off.

The non-waiver clause provides that "[GE] may, in [its] sole discretion, choose not to

exercise any right under this Agreement, including the right to impose the full amount of any

charge, without waiving that right."[26] By the express language of the non-waiver clause, on the

date GE sold the Account to PRA, GE had the legal right to retroactively add interest to the

Account. Because PRA steps into GE's shoes, PRA obtained that same right to add interest to the

Account from the date of charge-off.  *See Slatt v. Slatt,* 477 N.E.2d 1099, 1099-1100 (N.Y. 1985)

(awarding cost-of-living increases for prior 11-years, concluding that the right to the same was

not waived, in part due to contract which provided that "modifications required a writing, and

that mere failure to assert a right would not constitute a waiver."); *Air Prods. & Chems., Inc. v.*

---

[25] *See supra*, pp. 5-8; *see also* PRA's Motion for Summary Judgment [D.E. 54 at pp. 16-22].
[26] Credit Card Agreement, [D.E. 54-3].

*La. Land & Exploration Co.*, 867 F.2d 1376, 1379-1380 (11th Cir. 1989) (determining that because the court found no evidence that the party "intentionally or voluntarily waived its right to the retroactive application of the substitute price index," court allowed retroactive application of increased charges for prior 5-years).

### E.    Ms. Stratton's Evidence Is Insufficient For Her to Prove that GE Waived Its Right to Contract Interest.

Despite the fact that Ms. Stratton has the burden to prove waiver,[27] her Motion for Summary Judgment makes no effort to establish when or how GE allegedly knowingly, voluntarily, and intentionally waived its right to charge contract interest on Ms. Stratton's Account. And, because "[i]t is the universally declared rule that what facts are necessary to create a waiver is a question of law," this Court may determine as a matter of law that Ms. Stratton has not set forth sufficient evidence to establish waiver. *Thomas Jefferson Fire Ins. Co. v. Barker*, 251 S.W.2d 862, 864 (Ky. 1952); *Eaton v. Trautwein*, 155 S.W.2d 474, 475 (Ky. 1941); *Dodd v. Dyke Indus.*, No. 3:04-CV-226-H, 2008 U.S. Dist. LEXIS 34786, at *33, (W.D. Ky. Apr. 25, 2008); *Dynalectric Co. v. Whittenberg Constr. Co*., No. 5:06-CV-208-JHM, 2010 U.S. Dist. LEXIS 110136, at *16 (W.D. Ky. Oct. 13, 2010) ("It is the universally declared rule that what facts are necessary to create a waiver is a question of law." (citing *Aetna Ins. Co. v. Weekley*, 24 S.W.2d 292, 293 (Ky. Ct. App. 1930))).

Here, viewing "all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party,"[28] Ms. Stratton has failed to prove her claim as a matter of law because her evidence does not establish GE waived its right to contract interest. Instead of using

---

[27] *See Pangallo v. Ky. Law Enforcement Council*, 106 S.W.3d 474, 479 (Ky. Ct. App. 2003) ("The burden of proof is upon the person relying upon waiver.").

[28] *McCartt v. Kellogg USA, Inc.*, No. 5:14-CV-318-DCR, 2015 U.S. Dist. LEXIS 139455, at *7 (E.D. Ky. Oct. 14, 2015).

the discovery process to prove her case, Ms. Stratton is apparently content to rely on the bare allegations of her Amended Complaint and the two PRA documents attached thereto. Indeed, Ms. Stratton did not even attempt to obtain evidence that GE waived its right to collect contract interest: Ms. Stratton did not retain an expert; did not seek to depose a PRA representative; did not seek to depose a GE representative; and only sought documents from GE in a manner that violated the Court's scheduling order. [29]

Indeed, in her discovery responses, Ms. Stratton stated that her only evidence of waiver was that the principal amount of Ms. Stratton's Account balance was the same amount at charge-off as on the date the Account was sold to PRA. Specifically, Ms. Stratton stated:

> 3.    State all facts and information in your possession that support your assertion that GE Money Bank waived the right to charge interest on the Account after the Account was charged-off.
>
> **ANSWER:**
> PRA's own documents affirmatively show that GE did not accrue any interest on the Account after charging off the Account. In particular, Plaintiff notes that the affidavit of Dwayne E. Davis, as record custodian of PRA averred in pertinent part:
>
>> 4.    According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary course of business by the Account Assignee, there was due and payable from **DEDE STRATTON** ("Debtor and Co-Debtor") to the Account Seller the sum of **$2,630.95** with the respect to account number **ending in 0265** as of the date of **12/19/2008** with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date of the sale.
>
> And PRA furnished in discovery a document identified as
>
>> Data printed by Portfolio Recovery Associates, LLC from electronic records provided by GE MONEY BANK, F.S.B. pursuant to the sale of accounts from GE MONEY BANK, F.S.B. to Portfolio Recovery Associates, LLC on 1/15/2010
>
> This document states that the Original Creditor charged off the debt on December 19, 2008 and that the current balance on the debt as of January 15, 2010 was $2,630. [30]

Ms. Stratton's evidence of waiver is insufficient as a matter of law.

---

[29] *See* [D.E. 53], Court's Order Denying Ms. Stratton's Motion to Compel Discovery from GE, now known as Synchrony Bank.

[30] [D.E. 54-5], Ms. Stratton's Responses to PRA's Interrogatories, No. 3.

**1.     Ms. Stratton Has Provided No Evidence that GE <u>Expressly</u> Waived Its Right to Collect Interest.**

As is fully discussed herein and in PRA's Motion for Summary Judgment,[31] because Ms. Stratton's GE Credit Card Agreement contained a non-waiver clause,[32] the only way GE could waive its right to collect contract interest was in a signed writing. *See KFC Corp. v. Kazi*, No. 3:11-CV-00475, 2012 U.S. Dist. LEXIS 180424, at *9 (W.D. Ky. Dec. 20, 2012) ("Non-waiver clauses are routinely upheld as enforceable." (citations omitted)). Therefore, the only way Ms. Stratton can meet her burden of proof is to provide a writing, signed by GE, whereby GE waived its right to collect contract interest. Furthermore, because Ms. Stratton's Credit Card Agreement provided that GE could only expressly waive its right to collect interest, Ms. Stratton cannot, as a matter of law, argue that GE impliedly waived its right to collect interest. *See id.* ("Under this [non-waiver] clause, the absence of an express waiver . . . precludes a finding of an implied waiver. . . .").

Because Ms. Stratton failed to produce a signed writing from GE waiving its right to collect interest, Ms. Stratton has failed to prove that GE waived its right to collect interest and Ms. Stratton's Motion for Summary Judgment must be denied.

**2.     Even if Ms. Stratton Could Prove Waiver By <u>Implication</u>, Ms. Stratton Has Not Presented Any Evidence of an <u>Implied</u> Waiver in Support of Her Motion for Summary Judgment.**

Even if Ms. Stratton could present evidence of an implied waiver by GE (which is insufficient as a matter of law due to the non-waiver clause in the GE credit card agreement), as is demonstrated by her Motion for Summary Judgment, Ms. Stratton has presented no evidence that GE impliedly waived the right to charge Ms. Stratton contract interest between the dates of

---

[31] [D.E. 54 at pp. 17-22].
[32] [D.E. 54-2].

charge-off and sale. In fact, Ms. Stratton's motion for summary judgment does not cite a single piece of evidence that supports a finding of implied waiver. Rather, to support her claims, Ms. Stratton's Motion for Summary Judgment does nothing more than cite to the bare allegations of her Amended Complaint.[33] This alone requires the Court to grant summary final judgment in PRA's favor.[34] *See Zang v. Zang*, No. 11-CV-884, 2014 U.S. Dist. LEXIS 180938, at *23 (S.D. Ohio Nov. 17, 2014) ("[T]he two Zang companies are entitled to summary judgment because Plaintiffs have presented no evidence at all to support their speculative theories."); *Gibson-Holmes v. Fifth Third Bank*, 661 F. Supp. 2d 905, 916 (M.D. Tenn. 2009) ("Plaintiff has produced no such evidence and summary judgment will be granted on Plaintiff's . . . claims."); *Hunter v. Trussel*, No. 2:03-CV0972, 2006 U.S. Dist. LEXIS 25839, at *19-20 (S.D. Ohio May 2, 2006) ("Because plaintiff has presented no evidence . . . summary judgment must be granted."); *Almond v. ABB Indus. Sys.*, No. C2-95-707, 2001 U.S. Dist. LEXIS 6507, at *89-90 (S.D. Ohio Sept. 4, 2001) (granting summary judgment where the plaintiff had presented no "direct, circumstantial, or statistical evidence sufficient to defeat summary judgment").

### 3. Ms. Stratton's Amended Complaint and Her Discovery Responses Do Not Establish that GE Clearly, Unequivocally, and Decisively Waived Its Right to Charge Contract Interest.

Though not relied upon in her Motion for Summary Judgment, neither Ms. Stratton's discovery responses nor the allegations in her Amended Complaint establish that GE impliedly

---

[33] *See* Ms. Stratton's Motion for Summary Judgment, [D.E. 56-2 at pp. 6-7] (citing only to the allegations of her Amended Complaint).

[34] To the extent that Ms. Stratton attempts to present this Court with new evidence of GE's alleged waiver not set forth in the Amended Complaint or not previously disclosed in discovery, such evidence should not be considered. *See Larimore v. Grant*, No. 3:03-CV-664-S, 2006 U.S. Dist. LEXIS 49743, at *5, n.4 (W.D. Ky. July 17, 2006) ("Larimore recites a number of additional acts of the defendants in his response to the motion for summary judgment which were not pled in the First Amended Complaint. These new allegations were apparently not raised prior to the close of discovery. . . . **These previously unasserted allegations will not be considered herein**." (emphasis supplied)).

waived its right to charge contract interest between the dates of its charge-off and sale of the Account to PRA. "Kentucky cases have recognized the rule . . . that a finding of implied waiver requires a 'clear, unequivocal, and decisive act showing an intention to relinquish the right.'" *Peoples Bank & Trust Co. v. Aetna Cas. & Sur. Co*., 113 F.3d 629, 638 (6th Cir. 1997) (citing *Herndon v. Wingo*, 404 S.W.2d 453, 454 (Ky. 1966); *Jones v. Rayborn*, 346 S.W.2d 743, 747 (Ky. 1961)). A "waiver will not be inferred lightly." *Conseco Fin. Servicing Corp. v. Wilder*, 47 S.W.3d 335, 344 (Ky. Ct. App. 2001).

Ms. Stratton's only possible evidence of implied waiver is the fact that GE charged-off her Account in December 2008 with a balance of $2,630.95, and that GE then sold the Account to PRA in January 2010 with the same balance.[35] From those facts, Ms. Stratton infers an implied waiver based on her assumption that GE was not charging contract interest because GE did not post any additional sums to her Account balance after charge-off. Ms. Stratton then further assumes that because GE did not post contract interest to the balance sold to PRA, that GE had waived the right to do so.[36]

For five separate reasons, Ms. Stratton's only possible evidence of GE's implied waiver is insufficient under the high legal standard to establish waiver, because her evidence does not establish that GE made a "clear, unequivocal, and decisive act showing [its] intention to relinquish the right" to contract interest. *See Baptist Physician Hosp. Org. Inc. v. Humana Military Healthcare Servs.*, 481 F.3d 337, 352 (6th Cir. 2007) ("To prove waiver by course of conduct, there must be clear, unequivocal, and decisive acts of the party or an act which shows determination not to have the benefit intended in order to constitute a waiver.").

---

[35] *See* Ms. Stratton's Response to Defendant's Interrogatory No. 3, [D.E. 54-5]; Amended Complaint [D.E. 10].

[36] *See* Ms. Stratton's Response to Defendant's Interrogatory No. 3, [D.E. 54-5]; Amended Complaint [D.E. 10 at ¶¶ 19-20].

First, because Ms. Stratton's Credit Card Agreement with GE contained a non-waiver clause, GE could not impliedly waive the right to contract interest by its course of conduct. *See supra*, *KFC Corp. v. Kazi*, at *9 ("Under this [non-waiver] clause, the absence of an express waiver . . . precludes a finding of an implied waiver."); *Universal C. I. T. Credit Corp. v. Middlesboro Motor Sales, Inc.*, 424 S.W.2d 409, 411 (Ky. 1968) (upholding a non-waiver clause); *Home Fin. Co. v. Frazier*, 380 S.W.2d 91, 93 (Ky. 1964) (upholding a contract's non-waiver clause and finding that acceptance of delayed payments did not constitute waiver)).

Second, as is explained by PRA's expert witness, Ms. Jane Cloninger, at the time Ms. Stratton's Account was charged-off, financial institutions in the credit card industry, like GE, did not waive but retained the right to charge contract interest post-charge-off. However, institutions stopped accruing and posting interest in an effort to meet their obligations to bank regulators and bank shareholders.[37] Accordingly, the mere fact that the posted Account balance at sale and charge-off was the same is insufficiently clear evidence of waiver as a matter of law.

Third, Ms. Stratton has failed to produce evidence of GE's accounting practices and policies, so any argument that a failure to increase her Account balance post-charge-off was intended to be an act by which GE waived its right to charge contract interest is mere supposition on the part of Ms. Stratton is insufficient evidence of waiver. *See Terech v. First Resolution Mgmt. Corp.*, 854 F. Supp. 2d 537, 542 (N.D. Ill. 2012) (stating that plaintiff's allegations that the face value of the loan was the same on the date of charge off as on the date of sale "may not be sufficient to carry the day at trial, as they say nothing about prior holders' actual policies"). The fact that GE did not increase Ms. Stratton's Account balance between charge-off and sale,

---

[37] Cloninger Report, [D.E. 54-6, § 4 at 18-19]; *see also* PRA's Motion for Summary Judgment, [D.E. 54 at pp. 19-20].

thus says nothing about whether GE clearly, unequivocally, and decisively waived its right to ever charge contract interest to Ms. Stratton's Account.

Fourth, because Federal regulations required GE to charge-off Ms. Stratton's Account after it became 180-days delinquent, the mere fact that GE charged-off Ms. Stratton's Account is not evidence that GE waived its right to collect interest because GE's charge-off was not voluntary. *See* Uniform Retail Credit Classification and Account Management Policy, 65 Fed. Reg. 36903, 36903 (June 12, 2000) ("In general, the [Uniform Retail Credit Classification and Account Management Policy: Established a charge-off policy for open-end credit at 180 days delinquency . . . .").

This exact issue was recently addressed by the District court in Kansas under practically identical facts. In *Bunce v. Portfolio Recovery Associates, LLC,* No. 14-CV-2149, 2014 U.S. Dist. LEXIS 159679, at *4 (D. Kan. Nov. 12, 2014), the consumer alleged that the mere act of charging off the account waives the right to charge interest. The Kansas district court disagreed. In granting the debt buyer's motion to dismiss, the court found merely charging-off the account "fail[ed] to present a plausible basis for inferring any waiver. Charging off the delinquent accounts is a federal regulatory requirement. Uniform Retail Credit Classification and Account Management Policy, 65 FR 36903-01. Accordingly, it is not a voluntary action of the creditor" and does not support a claim of waiver. *Id.*

Finally, there is nothing magic about an original creditor charging-off an account which prohibits the original creditor from later seeking post-charge-off interest. Federal regulators specifically allow post-charge-off interest to be collected over and above the charge-off amount. Therefore, merely charging-off an account is not evidence of an implied waiver to collect post-charge-off interest which was never added to an account balance. *See* Expert Affidavit and

18

Report, [D.E. 54-6, § 3 at 18] (stating that the Office of the Comptroller of the Currency "recognized that charging interest post-charge off was allowed as a matter of law, and that the collection of such post-charge-off interest by the original issuer must be allocated as income"). Indeed, the Cloninger Report notes that under federal law, banks may collect more from the consumer than the amount which was originally charged-off because the original charge-off amount may have been limited only to principal, but that the amount collected after charge-off may include interest and fees.[38]

Accordingly, because Ms. Stratton has failed to present sufficient evidence that GE clearly, unequivocally, intentionally and voluntarily waived its right to collect contract interest between the dates of charge-off and sale, PRA was entitled to seek interest on Ms. Stratton's Account during that same time period, and this Court must deny Ms. Stratton's Motion for Summary Final Judgment, and grant PRA's Motion for Summary Judgment as a matter of law.[39]

**F.     The Sixth Circuit's Decision Does Not Establish that GE Waived the Right to Contract Interest and it Does Not Hold that PRA Violated the FDCPA.**

After making <u>no</u> attempt to develop any evidence, Ms. Stratton now improperly argues that the Sixth Circuit's opinion somehow establishes that GE waived its right to collect interest

---

[38] Cloninger Report, [D.E. 54-6, § 4 at 18-19].

[39] As set forth in PRA's Motion for Summary Judgment, [D.E. 54 at pp. 22-23], PRA did not violate the FDCPA by suing for less than the amount it was owed. *See Lane v. Daniel N. Gordon, P.C.*, No. 10-CV-793, 2011 U.S. Dist. LEXIS 11508, at *3 (D. Or. Feb. 7, 2011) (awarding creditor summary judgment finding that the creditor "simply sought less in the complaint than the full amount due and owing"); *Gates v. Asset Acceptance, LLC*, 801 F. Supp. 2d 1044, 1048 (S.D. Cal. 2011) ("Although the state court complaint sought an incorrect rate of interest, it sought less interest than the amount owed. Such a misstatement is not material [and therefore not an FDCPA violation]."); *Webb v. Midland Credit Mgmt.*, No. 11-C-5111, 2013 U.S. Dist. LEXIS 43599, at *1-12 (N.D. Ill. Mar. 27, 2013) (seeking less than amount due does not violate FDCPA).

and that PRA violated the FDCPA under the "law of the case" doctrine. Ms. Stratton is wrong.[40] The Sixth Circuit's prior decision only stands for the proposition that Ms. Stratton stated a *plausible* argument that GE waived the right to contract interest and that she stated a *plausible* FDCPA violation.[41] As the divided *Stratton* panel stated "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Stratton*, 770 F.3d at 447 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The Sixth Circuit's holding on PRA's Motion to Dismiss did not establish that GE waived its right to collect interest, or that PRA violated the FDCPA because it sought interest it had no right to collect. To the contrary, the Sixth Circuit's opinion clearly states that it was merely <u>assumed</u> "***for the purposes of this appeal***," that "GE waived its right collect interest at the contractually agreed upon rate of 21.99%," and that Ms. Stratton only "plausibly alleged that PRA does not have a legal right to collect interest on her debt." *Stratton*, 770 F.3d at 447, 448. Furthermore, the *Stratton* court recognized that on remand, Ms. Stratton still had to prove that GE had waived the right to collect contract interest, and that that discovery may reveal that PRA does have the right to collect interest.[42]

Moreover, as the Sixth Circuit held in *Wilkins v. Jakeway*, a motion to dismiss does not establish the law of the case, and the plaintiff must produce evidence to support her claim:

---

[40] The only issue that became the "law of the case" due to the Sixth Circuit's prior opinion is the Sixth Circuit's interpretation of KRS 360.010 and that Ms. Stratton's Amended Complaint stated a "plausible" claim. However, because discovery has shown that GE did not waive the right to charge contract interest, this Court may still grant PRA summary final judgment.

[41] *Stratton*, 770 F.3d at 448 ("Based on the limited record before the panel, Stratton has plausibly alleged that PRA does not have a legal right to collect interest on her debt. . . . We hold that Stratton has plausibly alleged that PRA violated the Fair Debt Collection Practices Act.").

[42] *Stratton*, 770 F.3d at 448 ("It may be that the discovery process could reveal some contractual provision that entitles PRA to collect some sort of interest. . . .").

> We do not find that the district court failed to follow the law of the case. Our earlier ruling affirmed the denial of the defendants' motion to dismiss; we ruled that as a matter of law, the allegations of Wilkins's *complaint* stated a claim. . . . In granting the defendants' motion for summary judgment, the matter before us here, the district court held that the *evidence* introduced by Wilkins for purposes of summary judgment failed to raise a material issue of fact as to his retaliation claim and that the evidence did not support Wilkins's claim that his speech concerned matters of public interest. These are two separate issues.

*Wilkins v. Jakeway*, 44 F. App'x 724, 728 (6th Cir. 2002) (emphasis in original); *see also Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) ("At that earlier stage, it is the defendant's conduct *as alleged in the complaint* that is scrutinized for "objective legal reasonableness." On summary judgment, however, the plaintiff can no longer rest on the pleadings, . . . and the court looks to the evidence before it." (emphasis in original)); *Society of the Roman Catholic Church v. Interstate Fire & Cas. Co.*, 126 F.3d 727, 735-36 (5th Cir. 1997) ("[T]he law of the case does not apply where the first appellate ruling transpired before the parties had the opportunity to present all their evidence to the district court."); *Thompson v. Transam Trucking, Inc.*, No. 2:08-CV-927, 2011 U.S. Dist. LEXIS 61176, at *15 (S.D. Ohio. June 8, 2011) ("A decision on a motion to dismiss . . . does not establish the law of the case for purposes of summary judgment.").

In short, Ms. Stratton's argument that the Sixth Circuit's opinion is proof of PRA's liability is flatly incorrect, and incorrectly recites the law of the case doctrine.[43]

## G.   Ms. Stratton Has Failed to Make Her Case and PRA Objects to the Court's Consideration of Her Unsigned Affidavit.

It is well settled that the plaintiff has the initial burden to prove her case. Here, Ms. Stratton has failed on several fronts. Initially, as set forth above, Ms. Stratton has failed to

---

[43] If the Sixth Circuit established that PRA violated the FDCPA and that PRA was liable to Ms. Stratton, as Ms. Stratton argues in her motion for summary judgment, one wonders why the Sixth Circuit did not remand with instructions that this Court enter judgment in Ms. Stratton's favor.

establish that GE waived its right to charge contract interest on Ms. Stratton's Account between the dates of charge-off and sale of the Account to PRA. In the absence of clear and unequivocal proof that GE waived the right to charge contract interest, the right to charge interest was assigned to PRA, and PRA lawfully requested interest in its state court complaint.

Additionally, Ms. Stratton's Motion for Summary Judgment must be denied because she has not even presented adequate proof that she and her Account are subject to the protections of the FDCPA.

> In order to establish a claim under the FDCPA a plaintiff must show: (1) plaintiff is a 'consumer' as defined by 15 U.S.C. § 1692; (2) the 'debt' arises out of transactions which are 'primarily for personal, family or household purposes' (*see* 15 U.S.C. § 1692a(5)); (3) defendant is a 'debt collector' as defined by 15 U.S.C. § 1692a(6); and (4) defendant has violated at least one of the FDCPA's prohibitions. *See Whittiker v. Deutsche Bank Nat'l Trust Co*., 605 F. Supp. 2d 914, 926 (N.D. Ohio 2009). **The absence of any factor is fatal to plaintiff's FDCPA claim.**

*Rutherford v. Credit Bureau of N. Am., LLC*, No. 3:08-CV-19, 2011 U.S. Dist. LEXIS 76546, at *12 (E.D. Tenn. July 14, 2011) (emphasis supplied).

Here, although Ms. Stratton alleges that she is a "consumer," and that the Account was a "debt" incurred primarily for personal, family or household purposes, Ms. Stratton never actually provides sufficient evidence to support her allegations. Indeed, while Ms. Stratton purports to provide an affidavit swearing to the above, Ms. Stratton never signed her affidavit [D.E. 56-3], and PRA accordingly objects to the Court's consideration of the unsigned affidavit in support of her Motion for Summary Judgment or in opposition to PRA's Motion for Summary Judgment.

Again, it is incumbent on Ms. Stratton to actually provide this Court with some potentially admissible evidence to support her motion for summary judgment. This Court, however, cannot rely on an unsigned affidavit in support of a motion for summary judgment because unsigned affidavits simply do not comply with Federal Rule of Civil Procedure 56(e)

and, again, PRA objects to the Court's consideration of the unsigned affidavit in support of her motion for summary judgment or in opposition to PRA's motion. *See Thomas & King, Inc. v. Jaramillo*, No. 08-CV-191-JBC, 2009 U.S. Dist. LEXIS 18432, at *11 (E.D. Ky. Mar. 9, 2009) ("[U]nsigned declaration is insufficient evidence to overcome the plaintiff's motion for summary judgment."); *Mason v. Clark*, 920 F.2d 493, 495 (8th Cir. 1990) ("We have no hesitation in stating that an unsigned affidavit is not sufficient evidence in support of a motion for summary judgment." (citations omitted)); *Nassif Ins. Agency v. Civic Prop. & Cas. Co.*, No. 03-2618, 2005 U.S. App. LEXIS 5085, at *8 (6th Cir. March 30, 2005) ("Unsigned affidavits do not comply with Fed. R. Civ. P. 56(e)."); *Wright v. Asset Acceptance Corp.*, No. C-3-97-375, 1999 U.S. Dist. LEXIS 20675, at *5 (S.D. Ohio 2000) ("[I]t is axiomatic that an 'affidavit' which is unsigned and not notarized cannot qualify as proper Rule 56 evidence."); *see also Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 479-481 (6th Cir. 2008) ("[D]istrict court improperly considered Honda's unsworn, hearsay evidence in deciding to grant Honda's motion for summary judgment" and plaintiff's objections in its response to motion for summary judgment language describing the reports as "inadmissible hearsay" and "hearsay reports" and asserting that the reports were "clearly hearsay," and thus "inadmissible," was sufficient to object to their consideration by the district court.).

Therefore, this Court should not consider Ms. Stratton's unsigned affidavit in support of her motion for summary judgment. And, in the absence of any evidence to even establish that the FDCPA applies to Ms. Stratton's Account, her motion for summary judgment must be denied, and PRA is entitled to summary final judgment as a matter of law.

## V.   **CONCLUSION**

For the foregoing reasons, PRA respectfully requests that this Court deny Ms. Stratton's Motion for Summary Judgment, enter summary final judgment in favor of PRA, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 23rd day of October, 2015.

**DINSMORE & SHOHL, LLP**

/s/ Joseph N. Tucker
Joseph N. Tucker, Esq.
R. Brooks Herrick, Esq.
101 South Fifth Street, Suite 2500
Louisville, Kentucky  40202
502-540-2300 - phone
502-585-2207 - fax
joseph.tucker@dinsmore.com
brooks.herrick@dinsmore.com
*Counsel for Defendant PRA*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via ECF to the persons listed below this 23rd of October, 2015:

| | |
|---|---|
| Kenneth J. Henry, Esq.<br>Henry & Associates, PLLC<br>331 Townepark Circle, Suite 200<br>Louisville, Kentucky  40243<br>ken@kennethhenrylaw.com<br>*Counsel for Plaintiff* | James H. Lawson, Esq.<br>Lawson at Law, PLLC<br>115 Sherrin Avenue<br>Unit #4<br>Louisville, KY 40207<br>james@kyclc.com<br>*Counsel for Plaintiff* |

/s/ Joseph N. Tucker
*Counsel for Defendant Portfolio Recovery
Associates, LLC*

9938941v7