UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DEDE STRATTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 13-147-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Portfolio Recovery Associates LLC's (hereafter, "PRA"), Motion for Leave to File First Amended Answer to include the additional affirmative defense of arbitration. [Record No. 41-1, pp. 10–11] Plaintiff Dede Stratton argues that the Court should not permit PRA to amend its Answer because she would be unduly prejudiced and because the proposed amendment would be futile. [Record No. 45, pp. 1–2] Specifically, she asserts that, through its litigation conduct, PRA has effectively waived the arbitration defense. [*Id.*, pp. 4–8] However, PRA disagrees with these assertions. [Record No. 46] For the reasons outlined below, the Court will grant PRA's motion and allow its amended answer to be filed.

**I.**

PRA purchases debt from creditors and then collects the debt. [Record No. 27, ¶¶ 1, 27] In January 2010, the company purchased the plaintiff's charged-off credit card account from GE, F.S.B./Lowes. [Record No. 46, p. 2] On June 20, 2012, PRA filed a Complaint

for collection of the debt alleged owed by Stratton in Kentucky's Scott County District Court. [*Id.*] Thereafter, on May 26, 2013, Stratton filed a Complaint seeking certification of a class action, alleging that PRA violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, by initiating the state court action. [Record No. 1]

On July 3, 2013, PRA moved to dismiss the Complaint for failure to state a claim upon which relief may be granted, contending that Kentucky law permitted PRA to recover prejudgment interest on Stratton's debt. [Record No. 5] The Court denied that motion. Subsequently, on July 30, 2013, Stratton filed an Amended Complaint [Record No. 10], which further addressed the issue of prejudgment interest. Again, the defendant moved to dismiss for primarily the same reasons as asserted previously. [Record No. 12] On November 26, 2013, the Court granted PRA's motion. [Record No. 17] However, that determination was reversed and remanded by the United States Court of Appeals for the Sixth Circuit. [Record No. 21]

On January 7, 2015, PRA filed its Answer to the Amended Complaint. [Record No. 27] The Court subsequently issued a Scheduling Order which permitted the parties to amend the pleadings by July 31, 2015 (over a month before the scheduled end of discovery). [Record No. 30] The only discovery activities to occur after entry of the Scheduling Order and before the present motion to amend were: (i) the plaintiff's service of her first requests for admission on the defendant, for which the defendant requested and was granted a protective order; (ii) the defendant's service of its answers to those requests; and (iii) the plaintiff's service of her second requests for admission. [Record Nos. 34, 37, 38, 40]

On June 26, 2015, PRA filed its Motion for Leave to File First Amended Answer, seeking to include in its Answer the additional affirmative defense of arbitration. [Record No. 41] PRA contends that the Court should grant it leave to amend because it was unaware of the mandatory arbitration clause in the credit card agreement here in dispute because PRA is not the original creditor. [*Id.*, p. 2] It also asserts that Stratton will not be prejudiced by its amended answer because little discovery has taken place and PRA's motion was timely filed according to the deadline contained in the Scheduling Order. [*Id.*, p. 3] In response, Stratton argues that she is unduly prejudiced because she has been required to respond to two motions to dismiss and litigated at the appellate level, all of which spanned two years. [Record No. 45, p. 4] Further, she claims that, through its actions, PRA has impliedly waived its right to arbitration. [*Id.*]

**II.**

"Generally, a failure to plead an affirmative defense . . . results in the waiver of that defense." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). "However, as a practical matter there are numerous exceptions to this broad rule, the most significant . . . being the rule allowing amendments to the answer." *Id.* Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). But the Sixth Circuit has cautioned that the right to amend is not absolute or automatic. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 551 (6th Cir. 2008). Factors that affect the determination of whether amendment of an answer should be permitted include undue delay, lack of notice to the opposing party, bad faith or dilatory purposes on the part of the movant, repeated failure to cure deficiencies by previous

amendment, undue prejudice to the opposing party, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008).

**III.**

**A. Undue Prejudice**

Delay that is neither intended to harass nor cause prejudice is not a sufficient reason for a court to disallow an amendment of a pleading. *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). Notwithstanding, a showing of substantial delay and undue prejudice may prohibit amendment of an answer. *See id.* The burden is on the non-movant to demonstrate prejudice.[1] *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994).

In determining whether an opposing party will suffer undue prejudice, the Court considers whether the assertion of a new defense: (i) requires the opponent to expend significant additional resources in discovery or trial preparation; (ii) significantly delays resolution of the dispute; (iii) prevents the plaintiff from bringing a timely action in another jurisdiction; or (vi) abrogates the plaintiff's cause of action. *Id.* at 662–63; *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (finding that allowing the plaintiff to amend would create prejudice to defendants in having to reopen discovery). Here, the plaintiff has not addressed the third and fourth factors for finding prejudice. As a result, the Court's attention will focus of the first two factors for consideration.

---

1 "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001).

PRA did not file the present motion until over two years after Stratton filed her Complaint. [*See* Record Nos. 1, 41.] As a result of this delay, Stratton asserts that she has been prejudiced by having to defend against two motions to dismiss, whose merits would likely be re-adjudicated if the case were submitted to arbitration. [Record No. 45, p. 4] She further claims that she will suffer prejudice if the defendant is allowed to amend its Answer because it can then appeal the denial of any order to compel arbitration. [*Id.*] Finally, she argues that she has been prejudiced by the expense incurred and the time spent litigating. [*Id.*, p. 7] Because these arguments do not fully address the Sixth Circuit's standard, Stratton has not shown that she would be prejudiced.

First, Stratton has not demonstrated that she will have to spend significant additional resources in *discovery* or *trial preparation*. *Phelps*, 30 F.3d at 662. As of the date of the present motion, only PRA has responded to discovery requests. [Record No. 40] Further, over a month remained until the closing of discovery. [Record No. 30] Moreover, the Court has not yet scheduled this matter for trial.[2] [*Id.*] These circumstances are dissimilar to those in cases addressing the issue of prejudice. For instance, in *Parry v. Mohawk Motors of Mich., Inc.*, the Court found prejudice where sufficient discovery had taken place so that the Court could issue an order regarding summary judgment. 236 F.3d 299, 307 (6th Cir. 2000); *Estes v. Kentucky Utilities Co.*, 636 F.2d 1131, 1134 (6th Cir. 1980) ("[P]rejudice is demonstrated when a party has insufficient time to conduct discovery on a new issue raised in an untimely manner.") In addition, in *United States v. Midwest Suspension and Brake*, the Court declined to permit an amendment to an answer because discovery had ended. 49 F.3d

[2] Because the parties have engaged in little discovery, they are not in a "late stage" in the litigation, meaning the increased burden on the movant does not apply. *Wade*, 259 F.3d at 459.

1197, 1202 (6th Cir. 1995); *see also Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973) (finding prejudice where discovery had already taken place and the plaintiff-movant had lost its case on one legal theory).

Stratton has shown that the proposed amendment could significantly delay resolution of the dispute. *Duggins*, 195 F.3d at 834. For instance, the assertion of the arbitration defense would likely lead to a motion to compel arbitration, and an order denying arbitration could be appealed. Further, Stratton would probably have to again address in arbitration the arguments presented in the motions to dismiss.[3] However, this factor does not weigh so heavily in Stratton's favor to support a finding of prejudice. For example, the inclusion of arbitration as a defense would not force the parties to engage in substantially more discovery. *See, e.g., Dubuc v. Green Oak Tp.*, 312 F.3d 736, 752 (6th Cir. 2002) (finding that "[s]uch an amendment would also require the defendants to expend significant additional resources . . . to conduct discovery related to the after-occurring events alleged in the amendment). Moreover, PRA's amendment complies with the Scheduling Order.[4] [Record No. 30] Therefore, the Court and the parties contemplated that amendments, generally, were appropriate until July 31, 2015. Because Stratton has failed to demonstrate prejudice, the Court will not deny the defendant's motion for leave to amend for this reason.

---

[3] Conversely, arbitration could effectively resolve the issues presented in a timely and efficient manner.

[4] The defendant correctly notes that, if it had included arbitration as an affirmative defense in its original answer, Stratton would have "no grounds to strike" the defense, even though the defense would have arisen after the motions to dismiss and the appeal. [Record No. 46, p. 1]

**B. Futility**

The Court need not grant a motion for leave to amend under Rule 15 of the Federal Rules of Civil Procedure if the amendment would be futile. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). Futility exists if the proposed amendment could not withstand a Rule 12(b)(6) motion to dismiss. *Id.* While Rule 12(b)(6) motions generally are made with reference to complaints and not affirmative defenses, "the same basic standard applies." *Gore v. El Paso Energy Corp. Long Term Disability Plan*, No. 3:02–1008, 2008 WL 261258, at *6 (M.D.Tenn. Feb. 8, 2008) (citation omitted). "In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant." *Am. Book Co. v. Consolidated Grp. of Co., Inc.*, No. 3:09-CV-112, 2011 WL 11969, *1 (E.D. Tenn. Jan. 4, 2011) (citing *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)). Stratton argues that amendment would be futile because PRA has waived the right to compel arbitration by participating in litigation on the merits. [Record No. 45, p. 3]

**1. Choice-of-Law**

As an initial matter, the parties assert that Kentucky law determines whether PRA has waived its right to arbitrate. [Record No. 45, p. 3; Record No. 46, p. 6] Specifically, Stratton cites *Morrison v. Circuit City Stores, Inc.*, which holds that the enforceability of an arbitration agreement is determined according to the applicable state law of contract formation. 317 F.3d 646, 666 (6th Cir. 2003) (not addressing waiver by litigation conduct but rather state rules of unconscionability). However, "the inclusion in the contract of a general choice-of-law clause does not require application of state law to arbitrability issues,

unless it is clear that the parties intended state arbitration law to apply on a *particular issue*." *George S. Hofmeister Family Trust v. FGH Industries, LLC*, No. 06-CV-13984-DT, 2007 WL 2984188, *5 (E.D. Mich. Oct. 12, 2007) (emphasis added) (state law applied where agreement specifically addressed waiver by conduct); *cf. Francis v. Nami Res. Co.*, LLC, No. 04-510, 2007 WL 3046061, *4 (E.D. Ky. Oct. 16, 2007) (applying federal law to waiver issue because arbitration agreement's choice-of-law provision did not address arbitrability).

According to Stratton's credit card agreement with the original creditor, "Utah law shall apply to the extent state law is relevant under Section 2 of the FAA in determining the validity of this provision."[5] [Record No. 58-3] The agreement makes no reference to determinations of waiver or arbitrability. Therefore, this Court will apply federal law to the issue of waiver. *See Dantz v. Am. Apple Grp., LLC*, 123 F. App'x 702, 707–08 (6th Cir. 2005) (applying Ohio law to the contractual "enforceability" of the arbitration agreement but federal law to the issue of waiver by litigation conduct).

**2. Waiver Under the FAA**

Under the Federal Arbitration Act ("FAA"), a party may waive its right to arbitrate. *Am. Locomotive Co. v. Gyro Process Co.*, 185 F.2d 316, 318 (6th Cir. 1950). However, "because of the strong presumption in favor of arbitration, waiver of the right to arbitration is not to be lightly inferred." *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 450 (6th Cir. 2005).

---

[5] The agreement further provides that "[t]his agreement is entered into between you and us in Utah." [*Id.*] Thus, even if state law applied, the Court would have to resolve the question of which state's law applies. In any event, both states' laws are consistent with federal law. *See, e.g.*, *Am. Gen. Home Equity, Inc. v. Kestel*, 253 S.W.3d 543, 556, n.39 (Ky. 2008) (evaluating length of delay, actions inconsistent with arbitration, degree of pretrial litigation, proximity to trial date, and resulting prejudice); *Central Fla. Investments, Inc. v. Parkwest Assoc.*, 40 P.3d 599, 607–08 (Utah 2002) (using same two-prong test as the Sixth Circuit).

The Sixth Circuit's test for waiver of an agreement to arbitrate requires evaluation of whether the party seeking arbitration: (i) took actions inconsistent with any reliance on an arbitration agreement, *and* (ii) delayed its assertion to such an extent that the opposing party incurs actual prejudice. *Johnson Associates Corp. v. HL Operating Corp.*, 680 F.3d 713, 717 (6th Cir. 2012).

Courts look to the filing of responsive pleadings, the parties' actions during discovery, litigation of issues on the merits, the length of delay, and the proximity of the trial date in assessing whether the movant's actions are consistent with an agreement to arbitrate. *Francis*, No. 04-510, 2007 WL 3046061, *5. For instance, in *Johnson Assoc. Corp.*, the movant's actions were inconsistent with arbitration where it filed an answer and a counterclaim, engaged in extensive discovery, modified the scheduling order, and engaged in judicial settlement discussions, which included the filing of related motions. 680 F.3d at 718. Similarly, in *Am. Locomotive Co.*, the defendants had filed a counterclaim, engaged in heavy discovery, filed motions to dismiss and consolidate, and set a trial date. 185 F.2d at 318–19. *See also Hurley v. Deutsche Bank Trust Co. Americas*, 610 F.3d 334, 338–39 (6th Cir. 2010) (waiver where defendant sought to compel arbitration after motions to dismiss, four summary judgment motions, and a motion for change of venue, all while extensive discovery was taking place); *Manasher v. NECC Telecom*, 310 F. App'x 804, 806 (6th Cir. 2009) (waiver where litigation consisted of an answer, some discovery, negotiations, a motion to certify a class, and a motion for summary judgment over a one-year period). Thus, courts typically look for substantial discovery efforts in determining whether a party has waived its arbitration rights.

Additionally, parties act inconsistent with their rights to arbitrate when they appear to "sit" on their rights through some intentional action. For example, in *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, the defendant waived its right to seek arbitration by engaging in negotiations with the plaintiff before moving to compel arbitration. 340 F.3d 345, 358 (6th Cir. 2003). In particular, the court focused on the fact that the defendant continuously denied the existence of the arbitration agreement at issue, even though the plaintiff had provided the defendant with it fifteen months earlier. *Id.* Likewise, in *General Star Nat. Ins. Co. v. Administratia Asigurarilor de Stat*, the defendant waived it right to arbitrate by not asserting the right until default judgment was entered against it. 289 F.3d 434, 438 (6th Cir. 2002). Further, the defendant waited nearly a year after default judgment was entered before moving to vacate the judgment, and it offered no explanation for the late motion. *Id.* at 438. Thus, a showing of bad faith -- or at the very least of laxness -- weighs in favor of a finding of waiver.

Stratton argues that amendment of the Answer would be futile because PRA has waived its right to arbitrate by participating in litigation. [Record No. 45, pp. 4–7] However, the plaintiff has failed to show that PRA's litigation activities are inconsistent with its right to arbitrate. As outlined above, the cases addressing this prong of the test usually involve extensive discovery. *See, e.g.*, *Johnson*, 680 F.3d at 718; *Hurley*, 610 at 340; *Manasher*, 310 F. App'x at 805. But here, very little discovery has taken place. The plaintiff has made two requests for admission, and the defendant has responded to one of these requests. [Record No. 40] While substantial time has passed between the filing of the

Complaint and the filing of the motion for leave to amend, the level of litigation activities does not approach the level presented in the cases from this circuit finding waiver.[6]

As explained above, in cases where discovery is not the focus, courts look to some showing of culpability on the part of the party seeking arbitration. Here, PRA alleges that it was not aware of the subject arbitration clause until after it received the credit card agreement from the original creditor while gathering documents in connection with Stratton's initial discovery requests. [Record No. 46, p. 3] Stratton made these requests in March/April 2015, and PRA responded to the requests on June 1, 2015, indicating that PRA discovered the agreement within that timeframe. [Record Nos. 34, 40]

Next, PRA asserts that soon after this discovery, it informed Stratton, and that two days later, it filed the present motion. [Record No. 46, p. 3] Stratton does not dispute that PRA was unaware of the agreement; rather, she claims that PRA should have sought credit card agreement sooner. [Record No. 45, p. 6] Even if Stratton alleges that PRA discovered the agreement at an earlier time in the litigation, the Court must construe PRA's well-pleaded factual allegations in its favor. *Trzebuckowski*, 319 F.3d at 855.

Again, this case is dissimilar to Sixth Circuit cases finding waiver of the right to arbitrate. In *O.J. Distributing, Inc.*, the Court determined with specificity that the defendant had the arbitration agreement in its possession fifteen months before asserting its rights. 340 F.3d at 358. In the present case, Stratton has made not even made an allegation that PRA

---

[6] While Stratton does not argue that PRA's filing of the state court action constitutes waiver of the right to arbitrate, the Court has considered this filing along with the other litigation activities. However, because the Court is not aware of any substantial discovery that took place at the state level, this filing does not significantly alter its ultimate conclusion that PRA's activities were not inconsistent with the right to arbitrate.

discovered the agreement earlier.[7] Further, in *Gen. Star Nat. Ins. Co.*, the defendant was aware of the arbitration provision for a year after default judgment was entered against it and failed to do anything. 289 F.3d at 438. Without any reason to believe that PRA had knowledge of the agreement and "sat" on its rights,[8] the Court will not find that it is futile to allow the defendant to amend its Answer to assert the affirmative defense of arbitration.

In summary, because the parties have engaged in little discovery, and because Stratton has not demonstrated some culpable behavior on the part of the defendant, PRA's conduct is not inconsistent with its right to arbitrate. As a result, the Court need not evaluate the second prong of the Sixth Circuit's test, whether Stratton will be prejudiced.[9] The Court cannot conclude that PRA's arbitration defense would not survive the motion to dismiss

---

[7] Following an acknowledgement that PRA may have discovered the arbitration provision in preparing its responses to Stratton's requests for documents, Stratton confusingly states, "if PRA just recently obtained the credit card agreement with an arbitration agreement, PRA has sat on and completely ignored its alleged arbitration rights while it first moved to dismiss with prejudice . . ." [Record No. 45, pp. 6–7] Because discovery occurred only after the motions to dismiss, the Court interprets this as an implication that PRA did not seek the agreement as soon as Stratton believes it should have sought it.

[8] In addition, the Sixth Circuit recognizes that a waiver is an "intentional relinquishment of a known right," implying that one who waives his right to arbitrate must have knowledge of that right. *Am. Locomotive Co.*, 185 F.2d 316, 318 (6th Cir. 1950). Some circuits require knowledge of the right to arbitrate before waiver can occur. *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986); *Dumont v. Saskatchewan Gov't Ins.*, 258 F.3d 880, 886 (8th Cir. 2001). While the Sixth Circuit has not expressly adopted this requirement, the cases appearing in this Court's opinion do not involve an instance where the party seeking arbitration was unaware of its rights.

[9] The Court notes, however, that Stratton may not be able to satisfy the prejudice prong because the parties have engaged in little discovery. "[W]hen only a minimal amount of discovery has been conducted, which may also be useful for the purpose of arbitration, the court should not ordinarily infer waiver based upon prejudice to the [opposing party]." *Johnson*, 680 F.3d at 720 (distinguishing itself from and citing *Tenneco Resins, Inc. v. Davy Intern., AG*, 770 F.2d 416, 421 (5th Cir. 1985)).

standard; therefore, it is not futile to permit PRA to amend its Answer to include this affirmative defense.

**IV.**

For the reasons discussed herein, it is hereby

**ORDERED** as follows:

1. Defendant Portfolio Recovery Associates, LLC's Motion for Leave to File First Amended Answer [Record No. 41] is **GRANTED**.

2. The Clerk of the Court is directed to file the First Amended Answer to Plaintiff's Amended Complaint [Record No. 41-1] previously tendered by the defendant.

This 2nd day of November, 2015.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**

***Danny C. Reeves*** DCR

**United States District Judge**